556 So.2d 1094 (1989)
Glen W. SHEATS
v.
STATE.
7 Div. 85.
Court of Criminal Appeals of Alabama.
January 27, 1989.
On Return to Remand May 12, 1989.
*1095 Glen W. Sheats, pro se.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief, wherein the appellant challenges his 1984 guilty plea conviction for burglary in the third degree.
The record shows that the circuit court denied the petition the same day it was filed.
From the record before this Court, the petition appears sufficiently specific and was not due to be summarily denied for any reason stated in Rule 20.7(d), Temp.A.R.Cr.P. The petition is meritorious on its face and, because the allegations of the petition stand unrefuted and unchallenged, they must be accepted as true. Ex parte Floyd, 457 So.2d 961, 962 (Ala.1984).
"[W]here the trial court does not make a finding in the record based upon its personal knowledge and where the State does not file an answer or return denying the allegations of fact in the petition, those facts must be accepted as true." Colvin v. State, 521 So.2d 1352, 1353 (Ala.Cr.App.1987).
This cause is remanded to the circuit court for further proceedings. If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order. Cf. Temp.A.R.Cr.P., Rule 20.7(d). Otherwise, the circuit court should direct the district attorney to file a response, Rule 20.7, Temp.A.R.Cr.P., and proceed under Rule 20, Temp.A.R.Cr.P.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Judge.
On remand, the circuit court judge entered a written order wherein he stated that he did "in fact have personal knowledge of the actual facts underlying the allegations in the Defendant-Petitioner's petition in that he took the Defendant-Petitioner's guilty pleas and sentenced him in these actions."
The petitioner has raised five claims in his petition: (1) His guilty pleas were unlawfully induced and not voluntarily made with an understanding of the nature of the charges and the consequences of the pleas; (2) ineffective assistance of counsel; (3) newly discovered evidence; (4) denial of right to appeal; and (5) improper sentence. Ground (5) was dismissed at the petitioner's request.
Based on his personal knowledge of the events in question and after an examination of the records of the proceedings involved, the circuit judge found that the petitioner's claims "are all without merit." This finding is supported by the records of the guilty pleas which the circuit judge filed along with his written order on the return to remand.
The petition for post-conviction relief was properly denied. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.