564 So.2d 1019 (1989)
Lynn Benjamin JOHNSON
v.
STATE.
7 Div. 211.
Court of Criminal Appeals of Alabama.
September 29, 1989.
On Return to Remand February 23, 1990.
Rehearing Denied April 27, 1990.
Certiorari Denied June 22, 1990.
*1020 Robert V. Wood, Huntsville, for appellant.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 89-1204.
McMILLAN, Judge.
This appeal arises out of the denial of the appellant's Temp.Rule 20, A.R.Cr.P., petition by the circuit court of Etowah County.
In May 1985, the appellant was convicted in a jury trial of conspiracy to commit murder in regard to the murder of Steve Fowler and was sentenced to life imprisonment. Direct appeal was made to this court, which affirmed the judgment of the trial court, Johnson v. State, 500 So.2d 494 (Ala.Cr.App.1986), and appellant's certiorari petition was denied.
In July 1988, appellant filed the Rule 20 petition sub judice, which alleges newly discovered evidence as grounds for relief. Specifically, appellant alleges that Jackie Aaron, a key witness for the prosecution, was coerced by the district attorney into giving perjured testimony at appellant's trial. The appellant's petition further alleges that he discovered from a "free will statement" given by Milton Cain, a prison inmate, that Steve Cleckler, who was also convicted in the murder of Steve Fowler and who testified against the appellant at trial, told Cain that the appellant had not been involved in Fowler's murder.
On October 17, 1988, the State filed a motion to dismiss appellant's petition, to which it attached numerous exhibits to refute appellant's claim of subornation of perjury by the district attorney. The State also argues that Cain's statement, taken at face value, amounts only to impeachment evidence and therefore fails to satisfy the criteria for "newly discovered evidence" set forth in Temp.Rule 20.1(e)(3), A.R.Crim.P. Thereafter, the trial court entered the following order:
"On the 1st day of February, 1989, it is Ordered and Adjudged by the Court that the State's Motion to Dismiss be and the same is hereby granted."
The appellant now contends that his petition was "meritorious on its face" and that the trial court therefore erred in dismissing it without an evidentiary hearing. Based on the facts of this case, however, it is the opinion of this Court that the trial court correctly dismissed the appellant's petition without further proceedings.
It is well settled that "an evidentiary hearing must be held on a coram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief." Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). See also, Henry v. State, 387 So.2d 328 (Ala.Cr.App. 1980); Populus v. State, 51 Ala.App. 166, 283 So.2d 617 (1973). In Ex parte Clisby, 501 So.2d 483 (Ala.1986), our Supreme Court reiterated the well-established rule that a petition for writ of error coram nobis must contain more than mere naked allegations that a constitutional right has been violated. In affirming the judgment of the trial court summarily dismissing the appellant's Temp.Rule 20 petition, the Clisby court held as follows:
"A petition for a writ of error coram nobis is `meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true."
Id. at 486 (citations omitted) (emphasis in original).
Even where a petition is `meritorious on its face,' however, a petitioner's right to an evidentiary hearing does not appear to be absolute. Temp.Rule 20.9(a), A.R.Crim.P., provides, in pertinent part, as follows:
"(a) Hearing. Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf. The court in its discretion may take evidence by affidavits, *1021 written interrogatories or depositions, in lieu of an evidentiary hearing...." (Emphasis supplied)
The appellant contends that the trial Court's order, as evidenced by its plain language, is tantamount to a summary dismissal pursuant to Temp.Rule 20.7(d), and, therefore is contrary to the rule of law in Boatwright, supra. From the particular facts of this case, however, it is our belief that the court, in fact, intended its ruling to be a finding of fact on disputed issues, based upon the affidavits submitted by the parties. This is all to that the appellant is entitled to under Temp.Rule 20, A.R. Crim.P.
The State argues, and we agree, that, if its motion to dismiss had been unsupported by affidavits joining issue with the allegations of appellant's petition, the appellant's petition would have been `meritorious on its face,' and his reliance on Boatwright, supra, would then have been correct. In the present case, however, the facts supporting the position of each party are fully set out in the supporting affidavits. As the trial court clearly accorded greater weight to the affidavits supporting the State's motion to dismiss, remanding this cause for an evidentiary hearing would serve no purpose.
This court notes, however, that the order of the trial court fails to contain specific findings of fact relating to the issues raised by the appellant. This cause is therefore due to be remanded for the trial court to enter an order in compliance with Temp.Rule 20.9(d), A.R.Crim.P.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
On return to remand, the trial court entered a detailed order containing findings of fact pertaining to each of the grounds of relief raised in the appellant's Temp. Rule 20 petition, as required by Temp. Rule 20.9(d), A.R.Crim.P. The following is a brief synopsis of the trial court's findings of fact:
With respect to the appellant's claim that his conviction was based on perjured testimony, the trial court noted that this allegation was supported only by the affidavits of Jackie Aaron (the witness who purportedly gave perjured testimony at the appellant's trial) and Milton Cain. As previously stated, Cain's affidavit alleged that Steve Cleckler, a co-defendant who testified against the appellant at his trial, later told Cain that the appellant was not involved in Steve Fowler's death. The State's rebuttal was supported by the affidavits of Fred H. Anderton, Jr., Detective Jeff Wright of the Gadsden Police Department, Detective Jerry Alexander of the Gadsden Police Department, and James E. Hedgspeth, Jr., the special prosecutor in this case and present district attorney for the Sixteenth Judicial Circuit.
The trial court found that the allegations contained in Jackie Aaron's affidavit were totally refuted by the evidence presented by the State. The Court also found that the trial testimony of Betty Woody, Jeff Sheffield, and Rick Gaskin, attached as exhibits to the motion to dismiss, substantiated Aaron's testimony at trial, but refuted the allegations contained in his affidavit.
With respect to the affidavit of Milton Cain, the trial court held that its allegations, even if taken as true, amounted only to impeachment evidence. The court therefore held that Cain's allegations failed to meet the criteria for newly discovered evidence set forth in Temp. Rule 20.1(e), A.R. Crim.P.
Finally, the trial court found that the State's allegations were substantiated by a copy of a judgment order concerning a settlement agreement entered in a civil wrongful death suit in which the appellant was a named party. The trial court held that the order constituted an admission by the appellant, and the appellant made no objection to its admissibility.
Thereafter, the trial court ruled that the appellant's Rule 20 petition was due to be dismissed.

*1022 I.
The appellant argues that he is entitled to a new trial and that the court therefore erred in denying his petition.
It is well-settled under Alabama law that "[t]he granting or denying of a new trial on the basis of newly discovered evidence rests largely in the trial court's discretion. Welch [v. Jones, 470 So.2d 1103 (Ala. 1985)]. The exercise of that discretion depends largely upon the credibility of the alleged new evidence. McDonald v. State, 451 So.2d 440 (Ala.Crim.App.1984)." Hamm v. Hudson Industries, Inc., 507 So.2d 933, 935 (Ala.Civ.App.1986), rev'd, Ex parte Hamm, 507 So.2d 936 (Ala.1987). "The appellate courts look with disfavor on motions for new trial based on newly discovered evidence and the decision of the trial court will not be disturbed absent abuse of discretion." Sexton v. State, 529 So.2d 1041, 1052-538806614388024803
"Here there is no evidence that the trial judge abused his discretion in denying a new trial on the grounds of newly discovered evidence based on the lack of credibility of the witnesses presenting the new evidence. Williams v. State, 489 So.2d 4, 5-6 (Ala.Cr.App.1986). `One condition of the trial court's granting a new trial on the basis of newly discovered evidence is that the court must believe the evidence presented at the hearing.' McDonald v. State, 451 So.2d 440, 442 (Ala.Cr.App.1984).
"Since a coram nobis petition `serves as a motion for a new trial on the ground of newly discovered evidence.' Groce v. State, 48 Ala.App. 709, 711, 267 So.2d 499 (1972), there exists a presumption favoring the correctness of the trial court's ruling on a petition for writ of error coram nobis. Brooks v. State, 248 Ala. 628, 631, 29 So.2d 4 (1947). `The granting of a motion for a new trial was addressed to the sound discretion of the trial court and will not be revised on appeal unless it clearly appears that the discretion has been abused.' Nichols v. State, 267 Ala. 217, 228, 100 So.2d 750 (1958). `The trial court is in the best position to determine the credibility of the new evidence.' Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App.1986). `It is basic that in consideration of the sufficiency or insufficiency of the evidence to support the verdict, we cannot weight the evidence or test the credibility of witnesses.' Walker v. United States, 301 F.2d 94, 95 (5th Cir.1962)."
Id., at 1387-88.
The trial court correctly held that the affidavit of Milton Cain did not constitute newly discovered evidence and could not therefore be properly considered to corroborate the allegations of the appellant's petition. The allegations contained in Cain's affidavit serve only to contradict the testimony given at trial by Steve Cleckler, and evidence that is "merely cumulative or impeaching" does not satisfy the requirements of newly discovered evidence. Sexton, supra; Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App.1986). See also, Temp. Rule 20.1(e)(3), A.R.Crim.P. Therefore, appellant's claim to a new trial must be predicated entirely on the allegations stated in Jackie Aaron's affidavit.
From a review of the trial court's order on remand it is clear that the court found Aaron's allegations to be not worthy of belief. Such a finding is supported by the record. Each of the affidavits tendered by the State, however, contained allegations which were consistent with the testimony of these witnesses, and were also substantiated by the photo lineups submitted as an exhibit to the motion to dismiss. Moreover, the trial court clearly believed the allegations stated in the affidavits of Detectives Wright and Alexander.
The appellant argues that the trial court erred by considering as evidence the judgment order entered in the civil wrongful death suit in which he was a named defendant, contending that his name does *1023 not appear on the order, and also that unsworn pleadings in a civil case are generally inadmissible as an admission. Murphree v. Henson, 289 Ala. 340, 267 So.2d 414 (1972). We note, however, that no objection was made to the trial court regarding this evidence, and there was no adverse ruling for this Court to review on appeal. Hill v. State, 409 So.2d 943, 945 (Ala.Cr.App.1981).
Because the trial court did not err in denying the appellant's Rule 20 petition, the judgment of that court is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.