On December 14, 1988, the appellant filed petitions for post-conviction relief challenging his 1988 guilty plea conviction for murder and his three 1988 guilty plea convictions for pharmacy robbery. Amendments to those petitions were filed on May 30, 1990, and on August 24, 1990, and those amendments were allowed by the circuit court. The case action summary entry of February 6, 1991, states "petition for relief from conviction or sentence filed." However, that petition is not contained in the record on appeal. On that same date, the petition was summarily denied without a response from the district attorney.
From the record, it is impossible for this Court to determine which petition or petitions have been addressed by the circuit court. Most of the appellant's allegations appear not to have been addressed by the circuit court. Some of those allegations are meritorious and warrant either an evidentiary hearing or an adequate explanation for their denial. We note that the action of the circuit court on September 9, 1989, in "amending" the indictments for pharmacy robbery to robbery in the first degree is a matter of concern in light of Ex parte Coker, 575 So.2d 43
(Ala. 1990). The record on appeal presents such confusion that any final judgment by this Court would represent speculation and conjecture.
Therefore, this cause is remanded to the circuit court with the following instructions: An evidentiary hearing shall be held, at which the appellant is entitled to be present and represented by counsel and at which the appellant shall present all of his grounds for relief. Issues not presented at that hearing shall thereafter be deemed to have been waived. In a written order, the circuit court shall address each and every allegation raised by the petitioner and shall clearly and specifically state the court's reasons for denying relief as to each ground, if relief be denied. These actions shall be taken and the written order of the circuit court as well as a transcript of the proceedings shall be forwarded to this Court within 90 days of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur. *Page 1371