PATTERSON, Judge.
The appellant, Charles Rutherford, appeals from the circuit court’s summary dismissal of his Rule 32, A.R.Cr.P., petition contesting the validity of his 1992 conviction for first degree robbery and his resulting 99-year sentence.
In his petition, Rutherford alleged numerous grounds of ineffective assistance of trial counsel and appellate counsel. In response, the state filed a “Motion for Summary Judgment/Motion to Dismiss.” The court granted this motion without making any findings of fact.
*622 Rutherford made, in his petition, the following allegations, which are mere conclusions: (1) trial counsel failed to consult with him before trial on “all important decisions to be made” and to keep him informed of “the developments in the course of the prosecution”; and (2) trial counsel failed to investigate “all avenues of defense.” The state correctly pointed out that these allegations are bare allegations or conclusions, unsupported by any factual basis for these allegations, and thus are “insufficient to warrant any further proceedings,” Rule 32.6(b).
Rutherford further alleged that trial counsel was ineffective for failing to object to the prosecution’s introduction of evidence of his prior bad acts for the alleged purpose of showing his general bad character or his propensity to violate the law. He specifically pointed to the prosecution’s elicitation of testimony that he had been convicted for drug offenses in 1981, as follows:
“Q. ... And you told [the jury] the last time you had been in trouble with the law prior to this was in 1969?
“A. Yes, sir.
“Q. What about when you were convicted on those drug cases over in Madison County in 1981? Is that not trouble with the law?
“A. Well, I got—
“Q. Is that trouble with the law?
“A. No, sir. It was a misdemeanor.
“Q. It was a misdemeanor. Is that not trouble with the law? Is that what you’re telling them?
“A. Well, I got caught in possession of Dilaudid tablets in ’81.
“Q. Is that trouble with the law, yes or no, Mr. Rutherford.
“A. Yes, sir, it is.”
In conjunction with this allegation, Rutherford also alleged that he was denied the effective assistance of appellate counsel because that counsel could not assert on appeal the issue of elicitation of testimony of his prior bad acts because trial counsel had failed to preserve the issue. As the state correctly pointed out in its motion, the prosecutor’s elicitation of evidence of Rutherford’s prior drug offenses was proper impeachment of Rutherford’s trial testimony that he had not had any problems with the law since 1969. See LaBarber v. State, 455 So.2d 941, 943 (Ala.Cr.App.1984). Thus, trial counsel’s failure to object was not ineffective assistance.
Rutherford further alleged that trial counsel was ineffective for failing to object to the prosecutor’s allegedly factually incorrect comment in closing argument that Rutherford had 12 prior felony convictions and that appellate counsel was ineffective for faffing to have the closing arguments transcribed. We can not agree with the state’s argument that these contentions are also bare allegations on its assumption that trial counsel’s failure to request transcription of the closing arguments cannot be ineffective assistance of counsel since transcription of closing arguments is not mandatory, Ala.Code 1975, § 12-17-275. As the state points out, the court reporter is required to transcribe any objection made during closing arguments, see Webb v. State, 539 So.2d 343 (Ala.Cr.App. 1987). In this case, there was no reflection in the transcript of the alleged erroneous comment because no objection was made to it. Thus, the state’s argument carries us back to Rutherford’s assertion that counsel was ineffective for faffing to object. Accordingly, we find that this contention was not resolved by the state’s motion, and the record provides no indication of the circuit court’s reason for its dismissal of this claim.
Finally, Rutherford asserted that trial counsel was ineffective for faffing to properly investigate the prior felony convictions used to enhance his sentence under the Habitual Felony Offender Act. He also asserted, presumably in the context of ineffective counsel, that the prosecution failed to give him notice of its intent to proceed under the Habitual Felony Offender Act and that it did not properly prove any of his prior convictions. Upon these allegations, he requested a new sentencing hearing. Ex parte Lockett, 548 So.2d 1045 (Ala.1989), provided the circuit court with authority for its summary disposal of these claims:
“We now turn our attention to Lockett’s second contention, i.e., that he was denied *623 due process and equal protection of the law because, he says, his trial counsel was ineffective. His assertion is, in essence, that his trial counsel was ineffective because, he says, his lawyers did not investigate his prior convictions to determine whether evidence of those convictions was admissible for enhancement purposes, and did not object to the state’s proceeding under the Habitual Felony Offender Act without giving him adequate notice.
[[Image here]]
“After a thorough review of the record in this case, however, we are compelled to hold that the trial court did not err in denying petitioner relief pursuant to Rule 20 [now Rule 32] on the issue of ineffective assistance of counsel. The standard this Court has adopted to test the effectiveness of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard requires petitioner to show ‘that counsel’s representation fell below an objective standard of reasonableness,’ id., 466 U.S. at 687-88 [104 S.Ct. at 2064], and ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ Id., at 694 [104 S.Ct. at 2068].
“In the instant ease, we hold that defense counsel’s failure to investigate the petitioner’s prior convictions, if that failure were proven, would amount to a failure to meet the objective standard of reasonableness, but we find no evidence of prejudice suffered by petitioner as a result of counsel’s alleged error. Petitioner makes no allegations that his prior convictions were improperly used in the sentencing hearing; he makes no allegations that any of his prior convictions could be attacked because of his not having been represented by counsel at the time of the prior convictions; he does not assert that he was not the person identified in the records of the pri- or convictions used to enhance his sentence; and he does not allege that the prior convictions were not felonies. Therefore, we could find no prejudice suffered by Lockett, even if a failure to investigate be conceded.”
548 So.2d at 1048. Like Lockett’s, Rutherford’s petition also failed to include any allegation of prejudice; Rutherford failed to allege if any of his prior convictions could have been contested and on what grounds. This deficiency in Rutherford’s pleadings foreclosed the need for any further proceedings.
In conclusion, we hold that the circuit court properly summarily dismissed all of Rutherford’s claims presented in his Rule 32 petition, except his claim that trial counsel was ineffective for failing to' object to the prosecutor’s closing remark that Rutherford had 12 felony convictions. All claims, with that one exception, either were not supported by sufficiently specific facts to show that Rutherford was entitled to relief or, taking the factual assertions as true, failed to state a claim that would entitle Rutherford to relief. Therefore, they did not merit any further proceedings. See Rule 32.7(d).
However, we must remand this cause for the circuit court to make specific findings of fact regarding Rutherford’s assertion that trial counsel was ineffective for failing to object to the prosecutor’s comment in closing argument that Rutherford had 12 felony convictions. In regard to Rutherford’s assertion that he is entitled to an evidentiary hearing on this matter, we note that the circuit court may properly dispose of Rule 32 allegations that are meritorious on their face without holding an evidentiary hearing if it has before it “facts supporting the position of each party [that] are fully set out in ... supporting affidavits.” Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp. Rule 20.9(a), now Rule 32.9(a), which states, in part, that “[t]he court in its discretion may take evidence by affidavits, written interrogatories or depositions, in lieu of an evidentiary hearing”). See also Benefield v. State, 583 So.2d 1370,1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations “warrant either an evidentiary hearing or an adequate explanation for their denial”). However, in any ease, the circuit court should make “specific findings of fact relating to the issues raised by the appellant.” 564 So.2d at 1021. The state’s pleadings at this point do not sufficiently join issue with Rutherford’s allegation. As presently *624 presented, the specific facts underlying this allegation are unrefuted. Thus, they must be accepted as true. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989). In the event that the circuit court has personal knowledge of the actual facts underlying Rutherford’s allegations, it may deny the allegation without further proceedings so long as it states the reasons for the denial in a written order. Id.
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings. We note that, when complying with our remand, the circuit court may consider Rutherford’s “Opposition to Response by State.”
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 On return to the remand, the court on September 9, 1994 affirmed the decision by an unpublished memorandum.