The appellant, Albert Emmitt Harper, appeals from the circuit court's judgment summarily denying his Ala.R.Cr.P. 32 petition in which he contests his 1992 conviction for murder and his sentence of 39 years' imprisonment. The court's order reads in part:
 "This Court makes the following findings, that all claims alleged to in the Rule 32 were addressed by the court at trial, except the contention of ineffective assistance of counsel. As to that contention, the court finds nothing alleged in the petition that would require an evidentiary hearing. The petition merely makes no specific allegation. This court is quite familiar with this case and the representation given by [trial counsel] in this case, [and] said representation as well as the record refutes any ineffective assistance of counsel claim."
The attorney general recognizes the need for this case to be remanded to the circuit court with instructions for that court to make specific findings as to each allegation not precluded from its consideration by operation of a specified ground of preclusion of Rule 32.2. Because of the wealth of allegations in Harper's petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2.
In the event that the circuit court on remand finds that any of Harper's claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it "facts supporting the position of each party [that] are fully set out in . . . supporting affidavits." Johnson v.State, 564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that "[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing"). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition.Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991) (wherein the court held that "a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed"). See also Benefield v. State, 583 So.2d 1370, 1370
(Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"). In the event that the circuit judge has personal knowledge of the actual facts *Page 951 
underlying any of Harper's allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094
(Ala.Cr.App. 1989).
We note that, when complying with our remand instructions, the circuit court is within its discretion in refusing to consider Harper's motion to amend his petition so long as disallowance of the amendment is "based upon some valid ground, such as actual prejudice or undue delay," Cochran v. State,548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900,110 S.Ct. 259, 107 L.Ed.2d 208 (1989). A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State,593 So.2d 126 (Ala.Cr.App. 1991); Cochran. See also Rule 32.7(b) ("[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment") and Rule 32.7(d) ("[l]eave to amend shall be freely granted").
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.