PATTERSON, Judge.
Johnny Lee Hardy appeals from the circuit court’s denial of his Rule 32, Ala.R.Crim.P., petition in which he contests one of his two 1994 convictions for distribution of cocaine and his two sentences, imposed pursuant to the Habitual Felony Offender Act, of imprisonment for life plus five years for each conviction. In this petition, Hardy contends (1) that his counsel was ineffective for failing to object to the state’s failure to give him notice that his sentences would be enhanced, for failing to investigate the prior felony convictions used to enhance his sentences, and for failing to object to his allegedly illegal sentences; (2) that his sentences are illegal because they exceed the maximum authorized by statute; and (3) that his right to equal protection was denied in violation of due process because he was given no notice. In regard to his ineffective counsel claim, Hardy alleges that he was prejudiced because one of the three convictions used to enhance his sentences is a youthful offender adjudication, which clearly is not permitted to be used for enhancement purposes. See Ex parte Thomas, 435 So.2d 1324 (Ala.1982). After the state argued an issue in its response to Hardy’s petition that had not been raised by Hardy, Hardy raised that issue: whether his plea of guilty in case CC-93-4809 was voluntary. He specifically alleges that he was not advised of the correct range of punishment before pleading guilty.
Hardy contends on appeal that the circuit court erred in denying his petition without a hearing. The circuit court, in summarily denying Hardy’s petition, stated: “The Court having considered the pleadings of the parties and the record of court denies the petition on the following grounds: (1) These allegations could have been raised on appeal and were not raised. (2) These allegations lack merit.” Attached to the state’s response to Hardy’s petition is a notice form addressed to Hardy of the prior convictions the state intended to use to enhance his sentences. However, the space for the defendant’s signature acknowledging receipt of that notice is left blank. Also attached to the state’s response is a completed form signed by Hardy acknowledging that he was satisfied with his counsel’s representation in the case in which he pleaded guilty. However, this form is dated as being signed one month before his sentencing.
The state argues that the circuit court’s finding that Hardy’s claims are proee-durally barred because they could have been raised on appeal, Rule 32.2(a)(5), is correct. However, our records show that, in the appeal of CC-93-4809, Hardy was represented by the same attorney who represented him at trial. We have no record of an appeal of the other case. The case action summary of that case reflects that no new attorney was appointed after sentencing. Based upon these facts, we are unwilling to find that Hardy’s claim of ineffective assistance of counsel is procedurally barred by Rule 32.2(a)(5). Furthermore, Hardy’s claim that his sentences are excessive cannot be procedurally barred by Rule 32.2(a)(5). It arguably falls within the ground expressly exempt from that procedural bar: “The court was without jurisdiction ... to impose sentence.” Rule 32.1(b). If in fact one of the prior convictions is a youthful offender adjudication, his sentences are outside the limits prescribed by statute, and Hardy will have established the prejudice required for a successful ineffective counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Compare *492 Ex parte Lockett, 548 So.2d 1045 (Ala.1989). In regard to the involuntary guilty plea claim, the Alabama Supreme Court has held, in Cantu v. State, 660 So.2d 1026 (Ala.1995) (as modified on second application for rehearing), that such a claim may be asserted for the first time in a timely Rule 32 petition.
We also cannot uphold the circuit court’s finding that Hardy’s claims lack merit. The record before us does not support such a finding. Accordingly, we must remand this cause for the circuit court to make specific findings of fact regarding Hardy’s claims (with the exception of his equal protection claim that is procedurally barred by Rule 32.2(a)(3) and (5)). In regard to Hardy’s assertion that he is entitled to an eviden-tiary hearing, we note that the circuit court may properly dispose of Rule 32 allegations that are meritorious on their face without holding an evidentiary hearing under one of two sets of circumstances. First, if it has before it “facts supporting the position of each party [that] are fully set out in ... supporting affidavits.” Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp.Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that “[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing”). Second, if the events that serve as the basis of the allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill 591 So.2d 462, 463 (Ala.1991) (wherein the court held that “a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed”). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations “warrant either an evidentiary hearing or an adequate explanation for their denial”). However, in any case, the circuit court should make “specific findings of fact relating to the issues raised by the appellant.” Johnson, 564 So.2d at 1021. In the event that the circuit court has personal knowledge of the actual facts underlying Hardy’s allegations, it may deny the allegations without further proceedings so long as it states the specific reasons for the denial in a written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Return to Remand

PATTERSON, Judge.
On original submission of Johnny Lee Hardy’s appeal from the circuit court’s denial of his Rule 32, Ala.R.Crim.P., petition, we remanded this case for further proceedings. It is after these further proceedings that we review the circuit court’s ruling.
In his petition, Hardy contests one of his two 1994 convictions for distribution of cocaine and his resulting two concurrent sentences, imposed pursuant to the Habitual Felony Offender Act, of imprisonment for life plus five years for each conviction. More specifically, in his petition, Hardy contends (1) that his counsel was ineffective for allegedly failing to object to the state’s failure to give him notice that his sentences would be enhanced under the Habitual Felony Offender Act, for allegedly failing to investigate the prior felony convictions used to enhance his sentences,[1] and for failing to object to the allegedly illegal sentences; (2) that his sentences are illegal because, he says, they exceed the maximum authorized by statute; and (3) that he was “denied equal protection of the law in violation of due process” because, he says, he was given no notice that his earlier convictions would be used to en *493 hance Ms sentences. After the state argued an issue in its response to Hardy’s petition that hardy had not raised, Hardy raised that issue: whether Ms plea of guilty in case CC-93-4809 was voluntary. He specifically alleges that he was not advised of the correct range of pumshment before pleadmg guilty.
In the circuit court’s return to remand, the court made the following findings: (1) the judge who presided over the Rule 82 proceeding presided over Hardy’s trial, guilty plea proceeding, and sentencing proceeding; (2) based on Ms observations of trial counsel’s performance at trial and during the sentencing process, he concluded that counsel’s performance was not deficient and that Hardy was not prejudiced by counsel’s performance; (3) as evidenced by the transcript of the sentencing proceeding, Hardy had notice prior to his sentencing that the prosecution intended to pursue enhancement of Hardy’s sentence under the Habitual Felony Offender Act; (4) as evidenced by the certified copies of Hardy’s three prior felony convictions, Hardy’s sentence of life imprisonment plus five years for each conviction was proper; and (5) as evidenced by ExMbit A, the trial court properly advised Hardy that the only sentence that he could receive was life imprisonment.
We find Hardy’s allegation that the circuit court erroneously held that defense counsel had been given notice prior to the sentencing hearing of the prosecution’s intent to proceed under the Habitual Felony Offender Act to be without merit. The transcript of Hardy’s sentencing for the two convictions shows that, at sentencing, defense counsel stated, “We did receive notice prior to the trial that the State was treating Mr. Hardy as a Habitual Offender.” The transcript of a preliminary proceeding shows that defense counsel was aware that Hardy had two prior offenses for selling contraband and one for receiving stolen property.
We also find to be without merit Hardy’s claim that the circuit court did not properly address Ms allegation that his trial counsel was ineffective for failing to object to the use, for enhancement purposes, of an alleged prior youthful offender adjudication. The transcript of Hardy’s sentencing shows that Hardy’s defense counsel objected to the use of his 1970 conviction on the ground that Hardy was 17 at the time and that he, therefore, should have been treated as a youthful offender, but counsel also noted that youthful offender status was not available in 1970. The judgment entry of the prior conviction in question shows that it was for the felony offense of receiving stolen property and that Hardy was sentenced to imprisonment for one year and one day, wMch sentence was suspended, and he was placed on probation for three years. We note that because Hardy has failed to prove that tMs conviction was in fact a youthful offender adjudication, any claim of ineffective counsel based on counsel’s failure to object to the prosecution’s alleged failure to give notice of the prior felony convictions to be used for enhancement is without merit because Hardy cannot establish prejudice.
In regard to the issue of the volun-tariness of Hardy’s plea in Case CC-93-4809, particularly the allegation that he was not advised of the correct range of pumshment before pleading guilty, the circuit court refers to the transcript of the sentencing. However, as Hardy points out, the sentencing occurred a month after he entered Ms guilty plea. The transcript of that hearing shows the following:
“THE COURT: Well, the Court has no authority [to impose any sentence] but a life sentence.
MR. CHAMBLEE [defense counsel]: “I have explained that to Mr. Hardy -”
[[Image here]]
“THE COURT: Well, you understand that the Court has no choice but to sentence you for a Class B Felony, wMch distribution is, and three prior felony convictions makes it a life sentence. That is the minimum sentence I can impose. Do you understand that?
“THE DEFENDANT: No, I don’t, because I keep seeing other guys ..., a guy with more priors than I have, keep getting fifteen year sentences .... ”
Based on the foregoing, we are constrained to hold that ExMbit A, upon wMch the circuit *494 court relies, does not support the court’s finding that Hardy was advised prior to pleading guilty that the only sentence he could receive was life imprisonment. We note that because Hardy dismissed his appeal of his conviction before the reporter’s transcript was filed with this court, we do not have the benefit of a transcript of his guilty plea proceeding. Accordingly, we must remand this cause on this narrow question: whether Hardy was advised before pleading guilty that the only sentence possible was life imprisonment. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

. Hardy alleges that he was prejudiced because one of the three convictions used to enhance his sentences is a youthful offender adjudication, which clearly is not permitted to be used for enhancement purposes. See Ex parte Thomas, 435 So.2d 1324 (Ala.1982).

 Note from the reporter of decisions: On September 27, 1996, on return to second remand, the Court of Criminal Appeals affirmed, without opinion. On November 1, 1996, that court denied rehearing, without opinion. On December 2, 1996, the Supreme Court, struck the certiorari petition, without opinion (1960285).