COBB, Judge.
This is an appeal from the denial of a petition for a writ of habeas corpus. The petitioner, Larry Thorne, challenges his 1994 prison disciplinary for violating a prison rule prohibiting consumption of narcotics. As punishment, the petitioner lost good time for one year and was reclassified from earned good time Class II to Class IV status for one year pending good behavior.
The petitioner alleges that his due process rights were violated because, he says, 1) at the hearing, the chain of custody of his urine sample was not proven, 2) he was not provided with the “chain of custody form” before or at the disciplinary hearing, 3) the positive results of his urine sample were not tested a second time as required, 4) almost 72 hours elapsed between collection of his urine sample and testing, which violates Alabama Department of Corrections standard operating *229 procedure number 918(IV)(c), which requires that “the container holding the specimen should be placed in a locked and secured refrigeration unit if testing will not take place within 24 hours.”
Based on the arresting officer’s testimony, information in the disciplinary report, and the authority found in Martin v. State, 616 So.2d 384 (Ala.Cr.App.1993), we conclude that issues 1) and 2) are without merit. “[I]n the context of a prison disciplinary hearing in which the inmate is charged with the consumption of a controlled substance, the disciplinary board must introduce oral and/or documentary evidence of a valid chain of custody of the urine sample where the results of a test on that sample are introduced against the inmate and where the inmate raises some objection to that chain of custody.” Martin, 616 So.2d at 388. The disciplinary report reflects that documents were introduced showing a valid chain of custody. R. 26. “[T]he petitioner was not entitled to a copy of the ‘chain of custody form’ prior to, the disciplinary hearing. ‘There is no constitutional requirement in Wolff v. McDonnell, [418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ] that inmates in a disciplinary hearing be given copies of documentary evidence prior to the commencement of the hearing.’ ” Martin, 616 So.2d at 388. The record reflects that the petitioner was given a copy of the test results at the disciplinary hearing. Supp.R. 8. The testimony in the record also reflects that two tests were performed on the petitioner’s urine sample. Supp.R. 7.
The record reflects that the petitioner’s assertion that DOC operating procedure 918(IV)(c) was not complied with is correct. The testimony and record reflect that the appellant’s urine sample was collected at 12:25 p.m. on September 16,1994. The sample was stored in an unrefrigerated “lock box” for approximately 72 hours, before, on September 19, 1994, it was delivered to the laboratory for testing. Supp.R. 8, 10,11, 19. Furthermore, this assertion was not refuted by the State in the motion to dismiss or on appeal and was not addressed in the trial court’s order dismissing the petition. “[Because the allegations of the petition stand unrefuted and unchallenged, they must be accepted as true.” Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).
The judgment of the circuit court denying the petition for a writ of habeas corpus is reversed. This cause is remanded with directions that the circuit court order the Department of Corrections to set aside the results of the disciplinary hearing held on October 4, 1994, on a charge of “use or consumption of narcotics or alcohol” because the State has failed to insure the integrity of the urine sample as required by DOC operating procedure 918(IV)(c).
REVERSED AND REMANDED.
All the Judges concur.