LONG, Judge.
The appellant, Richard Louis Ellis, was convicted of murder in December 1992 and was sentenced, as a habitual felony offender, to life in prison without the possibility of parole. The appellant’s conviction and sentence were affirmed by this Court in an unpublished memorandum on August 13, 1993. 635 So.2d 916 (Ala.Crim.App.1993) (table). The appellant was represented by the same counsel at trial and on appeal.
On August 31, 1994, the appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P, attacking his December 1992 conviction. In the petition, the appellant raised numerous claims of ineffective assistance of counsel. In addition, the appellant alleged that the prosecution suppressed exculpatory evidence and that his sentence was improperly enhanced under the Habitual Felony Offender Act. The record before this Court contains no response from the prosecution to the appellant’s rule 32 petition.
On May 15, 1995, the trial court denied the petition by the following order:
“The [defendant] was aware at his first trial and sentencing of his three prior felony convictions and the intent of the State to proceed under the Habitual Felony Offender Act and was certainly aware of these things at his retrial and sentencing.
“The [defendant’s] complaints are without merit and his request for relief filed under Rule 32 is hereby denied.”
(C. 2.)
Where, as here, a defendant was represented at trial and on appeal by the *508 same counsel, claims of ineffective assistance of counsel are cognizable in a petition for post-conviction relief under Rule 32, Ala.R.Crim.P. Ex parte Besselaar, 600 So.2d 978, 979 (Ala.1992). As noted above, the appellant raised numerous claims of ineffective assistance of counsel, as well as various other allegations, which, he maintains, entitle him to relief. This Court is unable to ascertain the basis for the trial court’s denial of the appellant’s petition or whether the trial court considered all the allegations raised in the appellant’s petition. “The basis for the circuit court’s decision is essential to ensure the petitioner due process in his appeal of the denial of a Rule 32 petition.” Richmond v. State, 659 So.2d 973, 974 (Ala.Crim.App.1994). While “[w]e fully recognize that in providing for the summary disposition of a petition for post-conviction relief, Rule [32.7(d) ] does not require a statement of the reasons for the dismissal ... we deem it the more judicious and prudent procedure to remand this cause to the circuit court with directions that that court specify the reasons for the dismissal of the petition.” Henderson v. State, 570 So.2d 879, 880 (Ala.Crim.App.1990).
In remanding this cause, we direct the trial court’s attention to our order of remand in Harper v. State, 676 So.2d 949 (Ala.Crim.App.1995), wherein we stated:
“Because of the wealth of allegations in Harper’s petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court’s written findings are to address individually each claim not precluded by Rule 32.2.
“In the event that the circuit court on remand finds that any of Harper’s claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it ‘facts supporting the position of each party [that] are fully set out in ... supporting affidavits.’ Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that ‘the court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing’). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991) (wherein the court held that ‘a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed’). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations ‘warrant either an evidentiary hearing or an adequate explanation for their denial’). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper’s allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).”
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant’s claims, the trial court’s return to remand shall include a transcript of the remand proceedings. On remand, the trial court may, in its discretion, order the prosecution to file a response to the appellant’s petition. The trial court should take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 56 days from the date of this opinion.
*509 REMANDED WITH INSTRUCTIONS. 
All Judges concur.