Cedric Cassis Nathan appeals from the circuit court's dismissal of his Rule 32, Ala.R.Crim.P., petition in which he contested his 1993 convictions for first degree robbery and second degree burglary and his resulting concurrent life sentences.
In his petition, Nathan alleged the following grounds: (1) the evidence at trial that Willie Wimbley's dwelling was burglarized was a material variance from the averment in the indictment for burglary that Cedric Wimbley's dwelling was burglarized; (2) the evidence that the victim reasonably believed that Nathan was armed was a material variance from the averment in the robbery indictment that Nathan was armed; (3) Nathan's prior conviction for second degree theft was erroneously used to enhance his sentences because, he says, the property stolen in the earlier offense was not over $250 and thus the conviction was not a felony for enhancement purposes; (4) counsel was ineffective for failing to call Nathan's father to testify in support of an alibi defense; for failing to call a certain witness to testify that her son had taken the money from the victim; for failing to call Nathan's twin brother who Nathan alleged could have been a possible defendant; for failing to investigate, before trial, to determine whether the victim had reported to his rental office that the money was missing, as he subsequently testified; and for failing to assert at trial or on appeal grounds (1) and (2) set out above; and (5) Nathan was not provided an opportunity *Page 934 
to be heard before trial on the consolidation of the two indictments against him.
In dismissing Nathan's petition, the circuit court stated, by written order, "Specifically, this Court finds the Rule 32 petition precluded . . . because the issues could have been but were not raised at trial or on direct appeal." The attorney general requests that we remand this case for consideration of the petition's allegations because ineffective assistance of counsel claims can not be procedurally barred under such preclusion ground where the defendant had the same attorney at trial and on appeal. See Flanagan v. State, 577 So.2d 559
(Ala.Cr.App. 1990).
Accordingly, we remand this case for the circuit court to make specific findings of fact. In regard to Nathan's assertion that he is entitled to an evidentiary hearing, we note that the circuit court may properly dispose of Rule 32 allegations without holding an evidentiary hearing if it has before it "facts supporting the position of each party [that] are fully set out in . . . supporting affidavits." Johnson v. State,564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), now Rule 32.9(a), which states, in part, that "[t]he court in its discretion may take evidence by affidavits, written interrogatories or depositions, in lieu of an evidentiary hearing"). See also Benefield v. State,583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"). However, in any case, the circuit court should make "specific findings of fact relating to the issues raised by the appellant." 564 So.2d at 1021. In the event that the circuit judge has personal knowledge of the actual facts underlying Nathan's allegations, he may deny the allegation without further proceedings so long as he states the reasons for the denial in a written order. Id.
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.