PATTERSON, Judge.
The appellant, James Lorenza King, appeals from the circuit court’s denial of his Rule 32, Ala.R.Crim.P., petitions contesting his three convictions in 1982: one for second degree rape and two for second degree sodomy. These convictions were based on King’s pleas of guilty.
King contends on appeal that the circuit court erred in finding the claim in his petition alleging lack of jurisdiction to be precluded by the procedural bar of the limitations period, Rule 32.2(c), and in not granting him an evidentiary hearing. King alleged, in his petition, that the trial court was without jurisdiction to accept his three guilty pleas because, he argued, the offenses to which he pleaded guilty were allegedly not lesser included offenses of the offenses charged in the indictments — first degree rape and first degree sodomy. King asserted in his petition:
“The facts showing that the alleged victims in this case are not between the age of 12 and 16, nor are they incompetent to consent, therefore it is impossible for the Court to amend an indictment to a new charge of second degree rape which does not fulfill the element of the alleged crime.”
King raises a serious question of the trial court’s jurisdiction of the trial court to accept his pleas. See Hall v. State, 655 So.2d 51 (Ala.Cr.App.1995); Glover v. State, 649 So.2d 216 (Ala.Cr.App.1994); Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988). We cannot discern from the record before us whether this claim is without merit and therefore precluded by Rule 32.2(c). Thus, we remand for further consideration of King’s jurisdictional claim.
In regard to King’s assertion that he is entitled to an evidentiary hearing on this claim, we note that the circuit court may properly dispose of Rule 32 allegations without holding an evidentiary hearing if it has before it “facts supporting the position of each party [that] are fully set out in ... supporting affidavits.” Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp.Rule 20.9(a), now Rule 32.9(a), which states, in part, that “[t]he court in its discretion may take evidence by affidavits, written interrogatories or depositions, in lieu of an evidentiary hearing”). However, in any case, the circuit court should make “specific findings of fact relating to the issues raised by the appellant.” 564 So.2d at 1021. In the event that the circuit judge has personal knowledge of the actual facts underlying King’s claim, he may deny the allegation without further proceedings so long as he states the reasons for the denial in a written order. Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.