PATTERSON, Retired Appellate Judge.
The appellant, Reynaldo Rimirez Rivas, appeals from the circuit court’s summary denial of his Ala.R.Crim.P. 32 petition in which he contests his 1995 conviction, pursuant to a guilty plea, of trafficking in cannabis.
In light of the circuit court’s failure to make findings to support its denial of Rivas’s petition and in light of the facial merit of some of the allegations in the petition, we must remand this cause for the circuit court to comply with Rule 32.9(d) (“[t]he court shall make specific findings of fact relating to each material issue of fact presented”). An example for the need for specific findings is Rivas’s contention that his plea was not intelligent and voluntary because, among other grounds asserted, he says he did not know the elements of the offense charged. The state’s responses are that Rivas was informed of the elements in the sentencing hearing and that the issue is precluded. The first assertion is factually defective, and the second is incorrect as a matter of law, see Cantu v. State, 660 So.2d 1026 (Ala.1994) (the issue of voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition).[1]
We adopt the following instructions from Harper v. State, 676 So.2d 949, 950 (Ala.Cr.App.1995), as applicable to this remand order:
“[T]he court may properly dispose of those allegations [meritorious on their face], without an evidentiary hearing under one of two sets of circumstances. First, if it has before it ‘facts supporting the position of each party [that] are fully set out in ... supporting affidavits.’ Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that ‘[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentia-ry hearing’). Second, if the events that serve as the basis of the ... allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991) (wherein the court held that ‘a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed’). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations ‘warrant either an evidentiary hearing or an adequate explanation for their denial’). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper’s allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).”
In addition to making findings of fact as to each material issue of fact presented, the circuit court is further instructed to make specific findings in regard to the issues raised in Rivas’s petition that it finds subject to summary dismissal. See Rule 32.7(d) (“If ' the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief, under this rule and that no purpose would be served by any further proceedings, the court may ... dismiss the *206 petition”). In other words, the court is to address each claim individually.
Accordingly, this case is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Return to Remand

PATTERSON, Retired Appellate Judge.
On April 18, 1997, on original submission, we remanded this case to the trial court with instructions that it make specific findings in reference to each claim raised in Reynaldo Rimirez Rivas’s petition for post-conviction relief, and further that it make specific findings of fact relating to each material issue of fact presented in the petition. Ala.R.Crim.P. 82.7(d) and 32.9(d). It has complied with our instructions and has duly filed a return to our remand. Included in the return is a transcript of the guilty plea proceedings in this case.
The return shows that the trial court addressed each issue or claim raised in Rivas’s petition, and made findings of fact relating to each issue of fact presented in the petition. The trial judge in the proceedings on remand is the same judge who presided over the guilty plea proceedings. On remand, the trial court found that issues or claims I and II (attacking the validity of the indictment) and V and VI (attacking the sufficiency of the complaint and of the arrest warrant) were precluded because they could have been, but were not, raised in the trial court. Rule 32.2(a)(3). It found that issues III (attacking the voluntariness of the guilty plea) and VIII (claiming an insufficient factual basis to support the guilty plea) were without merit. The record fully supports the findings of the trial court. Thus, the judgment of that court denying the petition for post-conviction relief is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All Judges concur.

. We find this case appropriate to reiterate a cautionary note recently observed by Judge Long in Baker v. State, [Ms. CR-95-1071, November 22, 1996] - So.2d -, -n. 2 (Ala.Cr.App.1996): "District attorneys would be well advised when answering Rule 32 petitions presenting 'voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts- of those proceedings do not already exist.”