The appellant, Reynaldo Rimirez Rivas, appeals from the circuit court's summary denial of his Ala.R.Crim.P. 32 petition in which he contests his 1995 conviction, pursuant to a guilty plea, of trafficking in cannabis.
In light of the circuit court's failure to make findings to support its denial of Rivas's petition and in light of the facial merit of some of the allegations in the petition, we must remand this cause for the circuit court to comply with Rule 32.9(d) ("[t]he court shall make specific findings of fact relating to each material issue of fact presented"). An example for the need for specific findings is Rivas's contention that his plea was not intelligent and voluntary because, among other grounds asserted, he says he did not know the elements of the offense charged. The state's responses are that Rivas was informed of the elements in the sentencing hearing and that the issue is precluded. The first assertion is factually defective, and the second is incorrect as a matter of law, see Cantu v.State, 660 So.2d 1026 (Ala. 1994) (the issue of voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition).[1]
We adopt the following instructions from Harper v. State,676 So.2d 949, 950 (Ala.Cr.App. 1995), as applicable to this remand order:
 "[T]he court may properly dispose of those allegations [meritorious on their face] without an evidentiary hearing under one of two sets of circumstances. First, if it has before it 'facts supporting the position of each party [that] are fully set out in . . . supporting affidavits.' Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that '[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing'). Second, if the events that serve as the basis of the . . . allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991) (wherein the court held that 'a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed'). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations 'warrant either an evidentiary hearing or an adequate explanation for their denial'). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper's allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App. 1989)."
In addition to making findings of fact as to each material issue of fact presented, the circuit court is further instructed to make specific findings in regard to the issues raised in Rivas's petition that it finds subject to summary dismissal. See Rule 32.7(d) ("If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may . . . dismiss the *Page 206 
petition"). In other words, the court is to address each claim individually.
Accordingly, this case is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] We find this case appropriate to reiterate a cautionary note recently observed by Judge Long in Baker v. State, [Ms. CR-95-1071, November 22, 1996) ___ So.2d ___, ___ n. 2 (Ala.Cr.App. 1996): "District attorneys would be well advised when answering Rule 32 petitions presenting 'voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist."