McMILLAN, Judge.
The appellant, Peter Makres, appeals from the trial court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief.
The appellant was convicted for possession of child pornography, a violation of § 13A-12-192, Ala.Code 1975. He was sentenced as a habitual offender to 25 years’ imprisonment. His conviction was affirmed on appeal. Makres v. State, 683 So.2d 70 (Ala.Cr.App.1995).
The appellant argues that the trial court abused its discretion when it dismissed his Rule 32 petition without an evidentiary hearing.
In his Rule 32 petition, the appellant makes the same claims of ineffective assistance of trial counsel his appellate attorney attempted to raise on direct appeal. He also moved to amend his petition twice. The last motion to amend, which raises six claims of ineffective assistance of appellate counsel, was filed on February 2, 1998, the day the trial court issued its order denying the petition. On February 17, 1998, the appellant, through his third appellate attorney, filed with the trial court a postcon-viction motion asking the court to reconsider its ruling dismissing the petition. The motion was denied on February 26, 1998.
In its amended motion to dismiss, the State argued that the appellant’s claims regarding ineffective assistance of trial counsel were procedurally precluded from appellate review because, it said, they were raised and addressed on appeal. See Rule 32.2(a)(4), Ala.R.Crim.P. The record supports the State’s argument that the appellant’s ineffective-assistance claims were procedurally precluded from appellate review; however, the trial court failed to state that ground in its order. It appears that the trial court’s order addressed the merits of the appellant’s claims, which were not raised in the appellant’s petition. Additionally, we cannot ascertain from the record whether the appellant’s amended petition was before the trial court when it entered its order summarily dismissing the petition. Therefore, this cause is remanded with instructions that the trial court, if necessary, require a response from the State on the appellant’s amended petition. Thereafter, the trial court should, if necessary, conduct an evidentiary hearing on the appellant’s ineffective assistance of appellate counsel claims and make specific findings as to each allegation not precluded from its consideration by operation of a specified ground of preclusion of Rule 32.2. We also request the trial court, in its order, to state any grounds of preclusion regarding the appellant’s ineffective assistance of trial counsel claims. In the event the trial judge has personal knowledge of the facts underlying any of the appellant’s allegations, he may deny those claims in the petition without further proceedings, so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).
In complying with our remand instructions, the trial court has the discretion to refuse to consider the appellant’s amendment to his petition filed on the day the petition was dismissed, so long as dis-allowance of the amendment is “based upon some valid ground, such as actual prejudice or undue delay.” Cochran v. State, 548 So.2d 1062, 1075 (Ala.Cr.App.1989).
*1143 “A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State, 593 So.2d 126 (Ala.Cr.App.1991). Cochran. See also Rule 32.7(b) (‘[a]mendment to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment’) and Rule 32.7(d) (‘[ljeave to amend shall be freely granted’).”
Harper v. State, 676 So.2d 949, 950 (Ala. Cr.App.1995).
Accordingly, this cause is remanded. The trial court shall see that the circuit clerk makes due return to this court at the earliest possible time and within 63 says of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ„ concur.

 Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.