PATTERSON, Judge.
The appellant, Ricky Lavern Glass, appeals from the circuit court’s dismissal of his Rule 32, A.R.Cr.P., petition, in which he contested the validity of his 1991 convictions for first degree rape and second degree kidnapping. These convictions rest upon Glass’s pleas of guilty, and he was sentenced to concurrent sentences of 25 years’ imprisonment on each conviction.
As one of his four issues, Glass contends that this cause should be remanded to allow the state to file a response to his petition, as required by A.R.Cr.P. 32.7(a), and for an evidentiary hearing. To address this issue, we look to the allegations in Glass’s petition, which are as follows:
(1) He was improperly sentenced as a habitual offender with two prior felony convictions because, he says, the prosecution failed to give him notice of its intent to proceed under the Habitual Felony Offender Act;
(2) His sentence is improper because, he says, the prosecution “used a ‘youthful offender conviction’ (CC-69-530) [where] he was tried as an adult”;
(3) His sentence is improper because, he says, the prosecution failed to introduce certified copies of the convictions used to enhance; and
(4) his counsel was ineffective at his sentencing hearing in not objecting to the introduction of the prior convictions used to enhance and in failing to familiarize himself with the relevant facts and law.
He also claims that he failed to appeal within the prescribed time through no fault of his own. In support of this last claim, Glass alleged that his counsel had advised him of his right to appeal, but that he “did not give [him] any formal opinion as to the grounds of such an appeal” and, thus, his decision not to appeal was not well informed. He further asserted that the following issues would have been meritorious on appeal even though they had not been preserved: lack of notice of habitual felony offender treatment; use of his prior convictions; and the trial court’s illegal sentence.
The circuit court, in dismissing these claims, found that each one was precluded from consideration because each could have been, but was not, raised on appeal, because no appeal was taken. In regard to Glass’s claim that he was not notified of the state’s intent to proceed under the Habitual Felony Offender Act, the court further found that Glass had admitted that he had been convicted of one prior felony, that he was advised of the enhancement effect that the one prior felony conviction would have, and that he stated that he understood the applicable range of punishment. The court concluded its findings as follows:
“The Court further notes that the Defendant admits in his petition that he has actually been convicted of two (2) prior felonies rather than one and therefore the Defendant should have received a mandatory sentence for rape in the first degree, of life in prison or ninety-nine (99) years, rather that the twenty-five (25) year sentence that he received. Therefore, the Court finds that the Defendant actually received a sentence that was less than the minimum authorized by law and is therefore otherwise not authorized by law. However, even though the sentence was not authorized by law, the Court will not grant the petitioner’s relief and re-sentence him to serve a term of life in prison unless the Defendant absolutely requests that this Court do so.”
In addressing Glass’s argument that this cause should be remanded for the state to file a response, we are mindful of the Alabama Supreme Court’s holding in Ex parte *1098 Rice, 566 So.2d 606 (Ala.1990), that a petitioner has a due process right to a statement by the state pleading “the ground or grounds of preclusion that it believes apply to the petitioner’s case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to ‘disprove [the] existence [of those grounds] by a preponderance of the evidence,’ ” id. at 608 (quoting Rule 20.3, A.R.Cr.P.Temp., now Rule 32.3, A.R.Cr.P.). However, the Alabama Supreme Court has also held, “Where a simple reading of a petition for post-convietion relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.” Bishop v. State, 608 So.2d 345 (Ala.1992) (quoting J. Bowen’s dissent, joined by J. Montiel, in Bishop v. State, 592 So.2d 664, 667 (Ala.Cr.App.1991)).
We cannot say here that a simple reading of the petition shows that, assuming every allegation of Glass’s petition to be true, it is obviously without merit or is precluded. Because the attorney general failed to address this issue, we have been offered no argument to the contrary. Thus, we are compelled to find that the circuit court erred in summarily dismissing Glass’s petition without requiring a response from the district attorney.
Accordingly, this cause is remanded so that the district attorney may file an appropriate response, Rule 32.7(a), and so that the circuit court can proceed accordingly. The circuit court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.