On Return to Remand

PATTERSON, Judge.
On January 22, 1993, we remanded this case to the trial court with instructions that the district attorney be required to file an appropriate response to the appellant’s petition for post-conviction relief as required by A.R.Cr.P. 32.7(a) and that the trial court take whatever action is appropriate after the response is filed. Glass v. State, 627 So.2d 1096 (Ala.Cr.App.1993). The trial court complied with our instructions and has duly filed a return. The return contains the district attorney’s response to the appellant’s petition and an extended order of the trial court making findings of fact and dismissing the appellant’s petition.
The record shows the following. The appellant was indicted in a two-count indictment for rape in the first degree and for kidnapping in the first degree; he pleaded not guilty to both counts and proceeded to trial before a jury; on the second day of trial, pursuant to a plea bargain agreement, he withdrew his not guilty pleas and entered pleas of guilty to rape in the first degree and to kidnapping in the second degree; and he was sentenced to imprisonment for 25 years on each offense as a habitual offender with one prior felony conviction. The sentences were ordered to be served concurrently. The trial court states in its order that the appellant was advised of his rights and of the consequences of pleading guilty prior to the court’s acceptance of his guilty pleas, and that the appellant stated in his colloquy with the court that he fully understood those rights and that he understood the minimum and maximum sentences he could receive upon conviction for each offense. In addition, the appellant executed and filed documents reflecting the guilty pleas and his understanding of his rights as to each offense charged. The documents correctly reflect the range of sentences for each offense as well as the sentence that the appellant could receive pursuant to the habitual felony offender act, as a habitual offender with one prior felony conviction. The trial court found that the guilty pleas were knowingly and voluntarily entered with a full understanding of the nature of the charges and the consequences of the pleas. The appellant admitted in open court that he had been convicted of one prior felony before he committed the acts forming the basis of the charges in the instant case.
The appellant contends on appeal that he was improperly sentenced under the habitual felony offender act because the state failed to give him proper notice of its intent to invoke the act. There is no merit to this contention. The voluntary admission on the record of the prior felony conviction dispensed with the requirement of notice. Tatum v. State, 607 So.2d 383 (Ala.Cr.App.1992); Connolly v. State, 602 So.2d 452 (Ala.1992). The execution of the explanation of rights and guilty plea documents reflects that the appellant was given notice of the prior conviction that the state intended to use before pleading guilty.
The appellant contends that his sentences were improper because, he says, the state used two felony convictions for enhancement purposes and one was a youthful offender conviction. This contention has no merit. Only one prior felony conviction was used to enhance his sentences, not two as he *1100 contends, and that conviction was not the result of prosecution as a youthful offender.
There is no merit to the appellant’s contention that his sentences were improper because the state failed to introduce certified copies of his prior conviction. Because of the appellant’s admission of the prior felony conviction in open court, no further proof was required.
The appellant contends that his trial counsel was constitutionally ineffective because, he says, counsel failed to object to the state’s invoking the habitual felony offender act during his sentencing hearing; failed to familiarize himself with the relevant facts and law of the appellant’s case; and failed to properly advise the appellant concerning an appeal. There is no merit to these contentions. As we concluded earlier, the habitual felony offender act was properly invoked; there was, therefore, no basis for an objection. As to his other contentions, the appellant has failed to show that his counsel’s representation fell below the objective standard of reasonableness or that there was a reasonable probability that but for counsel’s unprofessional errors, if any, the outcome of his ease would have been different, as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He concedes that he was advised of his right to appeal, that he discussed an appeal with his counsel, and that he decided on his own not to appeal. He even states in his petition that he thinks an appeal would have been futile. His position now is that his counsel “did not give [him] any formal opinion as to the grounds of such an appeal ....” Clearly, there is no basis here for a claim of ineffective assistance of counsel.
Having addressed all issues raised by the appellant on appeal and finding no merit in them, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.