On April 10, 1997, the appellant, Kennedy King, was convicted of first-degree robbery, § 13A-8-41, Ala. Code 1975. Pursuant to the Habitual Felony Offender Act, § 13A-5-9(c)(3), Ala Code 1975, the trial court sentenced him to life imprisonment without parole. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on January 16, 1998. King v.State, 725 So.2d 1086 (Ala.Cr.App. 1997) (table). On August 3, 1998, the appellant filed a petition for post conviction relief pursuant to Rule 32, Ala. R. Crim. P. The circuit court summarily denied the petition before the State responded to the appellant's allegations. This appeal followed.
The appellant argues that the circuit court erred in summarily denying his petition before the State responded. In his Rule 32 petition, the appellant argued that he was entitled to relief for the following reasons: (1) the trial court did not instruct the jury on second-degree assault; (2) the trial court improperly denied the appellant's motion for a new trial; (3) the trial court did not declare a mistrial based on prosecutorial misconduct; (4) the prosecution suppressed evidence favorable to the defense; and (5) the prosecution knowingly presented perjured testimony at his trial. These claims are obviously precluded under Rule 32.2(a0(3) and (5). Ala. R. Crim. P., because the appellant could have raised them at trial or on appeal, but did not. Therefore, the circuit court properly denied these claims without first requiring the response from the State. See Bishopv. State, 608 So.2d 345 (Ala. 1992).
The appellant also argued that he was entitled to a new trial based on newly discovered evidence. According to the appellant, the victim executed a sworn affidavit in which she recanted her testimony. To prevail upon a claim of newly discovered evidence, the appellant must show that
 "[t]he facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence."
Rule 32.1(e)(1), Ala R. Crim. P. In a rule 32 proceeding, the petitioner must plead and prove by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 32.3, Ala. R. Cim. P. The appellant has made no showing as to when he discovered this evidence. In fact, he argues that trial counsel was ineffective for not raising this issue in a post-trial motion. Therefore, he has not proved that the victim's alleged recantation constitutes newly discovered evidence, and the circuit court did not err when it summarily denied this claim.See Rule 32.7(d), Ala. R. Crim. P.
Finally, the appellant argues that his trial and appellate attorneys were ineffective. Because he was convicted after the supreme court's decision in Ex parte Ingram,675 So.2d 863, 865 (Ala. 1996), he properly raised his ineffective-assistance-of-trial-counsel claims in a Rule 32 petition. Also, a Rule *Page 368 
32 proceeding was his first opportunity to present his ineffective-assistance-of-appellate-counsel claims. Alderman v.State, 647 So.2d 28 (Ala.Cr.App. 1994). The circuit court denied the petition before the State had the opportunity to respond to the appellant's allegations. Furthermore, nothing in the record shows what grounds the circuit court relied upon in denying the petition. The case action summary sheet merely contains the notation "Petition Denied." (C.R. at 1.)
 "We cannot say here that a simple reading of the petition shows that, assuming every allegation of [ineffective assistance of counsel] to be true, it is obviously without merit or is precluded. . . . Thus, we are compelled to find that the circuit court erred in summarily dismissing [the appellant's] petition without requiring a response from the district attorney."
Glass v. State, 627 So.2d 1096, 1098 (Ala.Cr.App.), aff'd. on return to remand, 627 So.2d 1098 (Ala.Cr.App. 1993). Therefore, we remand this cause to the circuit court with directions that the State be allowed to respond to the allegations of ineffective assistance of trial and appellate counsel. On remand, the circuit court shall determine, based on the State's response, whether an evidentiary hearing should be held on the appellant's ineffective-assistance-of-counsel claims. The circuit court shall enter specific, written findings with regard to each of the appellant's allegations of ineffective assistance of trial and appellate counsel, and it shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings in the circuit court.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.*
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
* Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed without opinion. *Page 834