762 So.2d 380 (1999)
Gary Dewayne ALVIS
v.
STATE.
CR-98-0182
Court of Criminal Appeals of Alabama.
March 26, 1999.
Opinion on Return to Remand November 19, 1999.
Gary Dwayne Alvis, pro se, appellant.
Bill Pryor, atty. gen., and Joseph G.L. Marston III, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Gary Dewayne Alvis, appeals from the trial court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition.
The appellant was convicted of sexual abuse in the first degree, in violation of § 13A-6-66, Ala.Code 1975. He was sentenced to 10 years' imprisonment.
*381 In his Rule 32 petition, the appellant raises numerous claims, including an ineffective-assistance-of-trial-counsel claim. The trial court's order, however, fails to specifically state whether the claims contained in the petition were rejected on their "merits" or on "procedural" grounds. See Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein this Court noted that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"); Smith v. State, 598 So.2d 1009, 1010 (Ala. Cr.App.1991) ("the petitioner is entitled to notice of a specific ground of preclusion upon which the circuit court relied in dismissing the petition"). See also Ex parte Rice, 565 So.2d 606 (Ala.1990). In the event that the trial judge has personal knowledge of the actual facts underlying any of the appellant's allegations, he may deny the allegations without further proceedings so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala. Cr.App.1989).
Should the trial court conduct an evidentiary hearing addressing the claims raised in the appellant's petition, the trial court's return to remand shall include a transcript of those proceedings. In the event that the trial court conducts an evidentiary hearing, it must enter specific findings of fact addressing each material issue of fact presented. Rule 32.9(d), Ala.R.Crim.P. The trial court should take the necessary action to ensure that the circuit clerk makes due return to this Court within 35 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

On Return to Remand
McMILLAN, Judge.
On March 26, 1999, we remanded the case to the trial court for that court to conduct an evidentiary hearing, if necessary, on the appellant's Rule 32, Ala. R.Crim.P., petition. If such a hearing was conducted, the trial court was instructed to include on its return to our remand order a transcript of those proceedings and a written order containing its specific findings of fact addressing each material issue of fact presented.
The record indicates that the trial court conducted an evidentiary hearing, after which it denied the appellant's petition and issued the following order:
"This cause coming on to be heard on remand from the Criminal Court of Appeals on the defendant's Rule 32 petition and the Court denying the motions of the defendant requesting a recusal and appointment of counsel, the defendant, Gary D. Alvis, presented his case pro se; the Court finds as follows:
"(1) The allegations of the defendant with regard to perjured testimony were only assertions without a factual basis.
"(2) The allegations with regard to faulty indictment were without basis.
"(3) The allegations of ineffective assistance of counsel were without basis and arose from a misunderstanding of the law in the case.
"(4) Matters involving identification of the defendant were addressed on appeal in this case.
"(5) The allegations of prosecutor misconduct were without foundation and were mere assertions without foundation.
After conducting an evidentiary hearing on a Rule 32 petition, a trial court is required to make specific findings of fact relating to each material issue of fact presented. Rule 32.9(d), Ala.R.Crim.P. Furthermore, the petitioner is entitled to notice of the specific ground of preclusion upon which the circuit court relied in dismissing the petition. Ex parte Rice, 565 So.2d 606 (Ala.1990). The record in this case, including the trial court's order on return to remand, fails to list the specific grounds of preclusion. Additionally, we *382 cannot determine from the record whether the trial court denied the allegation that the indictment was faulty based upon a determination of the merits or upon procedural grounds. Hence, we must remand this case to the trial court to allow it a second opportunity to state its findings and its reasons for denying the appellant's petition. The trial court should take the necessary action to ensure that the circuit court makes due return to this Court within 35 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.[*]
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On February 18, 2000, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.