McMILLAN, Presiding Judge.
David Lynn Hargett appeals from the trial court’s order summarily dismissing his Rule 32, Ala.R.Crim.P., petition for postconviction relief, filed on April 6, 2000. The petition attacked his April 16, 1997, conviction for rape in the first degree, a violation of § 13A-6-61, Ala.Code 1975. This Court affirmed the rape conviction on April 20, 1998, and issued a certificate of final judgment on August 14, 1998. On April 13, 2000, the State filed a motion to dismiss Hargett’s Rule 32 petition. On April 25, 2000, the trial court granted the State’s motion, holding that relief based on the grounds alleged in the petition was precluded under Rule- 32.2(a)(3) and (5) and Rule 32.2(c), Ala.R.Crim.P.
In his petition, Hargett contends 1) that the indictment against him failed to state an offense; 2) that he was never properly arraigned; and 3) that his trial counsel and his appellate counsel were ineffective.
An examination of the record reveals that Hargett’s claims regarding the indictment and arraignment, although couched as jurisdictional, were nonjurisdictional in nature, and were procedurally precluded under Rule 32.2(a)(3) and (5), Ala. R.Crim.P. The record also reveals, however, that the trial court’s holding that Har-gett’s ineffective-assistance claims were procedurally precluded based on the two-year limitations period of Rule 32.2(c) was incorrect.
Because the trial court failed to determine whether Hargett’s ineffective-assistance-of-eounsel claims had merit, this cause must be remanded to the trial court for that court to make such a determination. The trial court shall determine, based on the State’s response, whether an evidentiary hearing should be held on Hargett’s claims. King v. State, 729 So.2d 366 (Ala.Crim.App.1998); Burton v. State, 728 So.2d 1142 (Ala.Crim.App.1998). If an evi-dentiary hearing is held, the trial court shall enter specific written findings with regard to each of Hargett’s claims of ineffective assistance as to trial counsel and appellate counsel, and it shall take all necessary action to see that the circuit clerk makes due return to this court within 56 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings. Return should be made within 45 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On May 18, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 8, 2001, that court denied rehearing, without opinion. On August 31, 2001, the Supreme Court denied certiorari review, without opinion (1001646).