The appellant, Denver Jeff Holloway, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1998 conviction for attempted murder. We affirmed Holloway's conviction on direct appeal, by unpublished memorandum. Holloway v. State, (No. CR-97-2054) 768 So.2d 1021
(Ala.Crim.App. 1999) (table). Holloway petitioned the Alabama Supreme Court for certiorari review. The petition was denied as untimely filed, and this Court issued a certificate of judgment on December 7, 1999.
On January 20, 2000, Holloway filed a Rule 32 petition, challenging his attempted murder conviction. The petition sought relief on numerous grounds. On March 5, 2001, the circuit court denied Holloway's petition. This appeal followed.
Holloway raises many issues in this appeal. However, we must remand this case to the Calhoun County Circuit Court for that court to make specific findings of fact concerning the allegations that are not procedurally barred in Holloway's postconviction petition — namely, Holloway's claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.
On March 5, 2001, the circuit court entered an order summarily denying all of Holloway's claims, except his claim of ineffective assistance of appellate counsel. The court's order stated:
 "Upon consideration of the Petitioner's allegation of ineffective assistance of trial counsel this Court finds this issue to be precluded under Rules 32.2(2), 32.2(3) and 32.2(5), Ala.R.Crim.P. Assuming the same not to be precluded, the undersigned Judge was the trial judge in this case. The undersigned judge is well aware of the representation Petitioner received from his trial counsel, observing trial counsel before and during the trial. This Court finds Petitioner's trial counsel's representation to have been well above the minimum standards set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel's representation was not deficient in any manner and, therefore, Petitioner cannot prove the result of his trial would have been any different with the representation of any other attorney. This Court finds that no purpose would be served by any further proceedings on Petitioner's allegation of ineffective assistance of trial counsel, and all allegations based upon the same are hereby DISMISSED.
 "This Court further finds all other allegations made pursuant to Rule 32.1(a), other than the allegations of ineffective assistance of appellate counsel set out in paragraphs A7 and A8 of Petitioner's Rule 32 Petition, either to be precluded by Rules 32.2(2), 32.2(3) or 32.2(5), Ala.R.Crim.P. or to be without merit, stating no claim or material issue of fact or law which would entitle the Petitioner to relief under Rule 32, Ala.R.Crim.P. This Court further finds that no purpose would be served by any further proceedings on any allegation made by Petitioner pursuant to Rule 32.1(a), Ala.R.Crim.P., other than ineffective assistance of appellate counsel and all *Page 1019 
claims made by Petitioner under Rule 32.1(a), other than ineffective assistance of appellate counsel, are hereby DISMISSED.
 "Upon review and consideration of Petitioner's claim pursuant to Rule 32.1(e), Ala.R.Crim.P., this Court finds that same to be without merit, states no newly discovered evidence and that no purpose would be served by any further proceedings on this issue. Therefore, all allegations made by Petitioner pursuant to Rule 32.1(e), Ala.R.Crim.P., are hereby DISMISSED."
(C. 256-57.)
On March 5, 2001, the circuit court also conducted an evidentiary hearing on Holloway's claims of ineffective assistance of appellate counsel. After hearing the evidence presented, the court entered a written order, stating:
 "Upon consideration of the evidence presented by the Petitioner in this case, this Court finds that the Petitioner has failed to meet his burden under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner's Rule 32 Petition is hereby DENIED."
(C. 255.)
Following the trial court's entry of the written orders denying Holloway's petition, Holloway filed a "motion to alter, amend, or vacate judgment," objecting to the trial court's failure to enter a written order that made specific findings of fact relating to each material issue of fact presented. Holloway requested that the circuit judge enter a written order that complied with Rule 32.9(d), Ala.R.Crim.P. SeeWhitehead v. State, 593 So.2d 126 (Ala.Crim.App. 1991).
Rule 32, Ala.R.Crim.P., requires the circuit judge to conduct an evidentiary hearing on a Rule 32 petition that is meritorious on its face. However, the Alabama Supreme Court has held that the circuit judge who presided over the petitioner's trial and observed the conduct of the petitioner's attorneys at trial need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed. Exparte Hill, 591 So.2d 462, 463 (Ala. 1991). The fact that the circuit judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of those counsel does not, however, relieve the judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. See Alvis v. State, 762 So.2d 380
(Ala.Crim.App. 1999); Benefield v. State, 583 So.2d 1370, (Ala.Crim.App. 1991) (wherein this Court noted in both cases that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"). Our review of Holloway's petition reveals that he was represented at various stages during the trial proceedings by three different attorneys.[1] Holloway made specific *Page 1020 
claims of ineffective assistance against all three appointed trial counsel. Moreover, Holloway's claims of ineffective assistance of trial counsel are not precluded because Holloway could not have reasonably presented his ineffective-assistance-of-trial-counsel claim in a motion for a new trial.[2] See Ex parte Ingram, 675 So.2d 863, 866 (Ala. 1996) (the proper method for presenting an ineffective-assistance-of-trial-counsel claim that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition). Therefore, this case will be remanded for the trial court to enter an order setting out its reasons for denying Holloway relief on this ground in sufficient detail to allow this Court to review the correctness of its findings on appeal.
Although the circuit court conducted an evidentiary hearing on Holloway's claims of ineffective assistance of appellate counsel, it made no specific findings in its written order denying relief. Instead, the court's order merely noted that the petitioner had failed to meet his burden of proof under Strickland v. Washington, 466 U.S. 668 (1984). In the event that the circuit court conducts an evidentiary hearing on a petitioner's Rule 32 petition, Rule 32.9(d) requires the court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker, 652 So.2d 198 (Ala. 1994); Smithv. State, 665 So.2d 954 (Ala.Crim.App. 1994). As we have stated, "[a] statement of the basis of the [circuit] court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31, 32
(Ala.Crim.App. 1994). Thus, following the evidentiary hearing, the circuit court should have entered an order that complied with the requirements of Rule 32.9(d).
This is a complicated case, with Holloway asserting numerous claims against four different attorneys. Our review of the allegations Holloway raises in his brief on appeal is hampered because the circuit court failed to make written findings of fact concerning each material issue of fact presented. Indeed, it would be premature for this Court to review the issues without the circuit court's first making such findings of fact. See Ex parte Grau, 791 So.2d 345, 346-47 (Ala. 2000); Adkins v.State, [Ms. CR-99-0834, February 9, 2001] ___ So.2d ___ (Ala.Crim.App. 2001).
Based on the foregoing, this case is remanded to the Circuit Court for Calhoun County for that court to set out its reasons for denying Holloway's claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The circuit court should "make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), Ala.R.Crim.P. It is not necessary, however, for the circuit court to address the remaining issues it had determined were procedurally barred.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. *Page 1021 
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[1] Holloway appears to have had difficulty getting along with his appointed trial counsel. Trudy Ann Phillips was the first attorney appointed to represent Holloway. She represented Holloway at the initial proceedings immediately following his arrest. The trial court allowed Phillips to withdraw after difficulties arose between the two. The court next appointed Fred Lawton III to represent Holloway. Lawton represented Holloway during the pendency of various pretrial proceedings. However, Holloway became dissatisfied with Lawton's representation and filed a complaint against Lawton with the State Bar Association. The trial court allowed Lawton to withdraw and appointed Ray Bryan to represent Holloway. Bryan represented Holloway at trial, but he was allowed to withdraw following trial. A fourth attorney, Randy Moeller, represented Holloway on direct appeal of his conviction to this Court.
[2] We have reviewed our records of Holloway's direct appeal of his conviction, see Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records), and determined that Holloway was sentenced on June 25, 1998. However, the entire trial transcript was not available until September 28, 1998, well beyond the 30-day deadline for filing a motion for a new trial.
* Note from the reporter of decisions: On June 21, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On July 19, 2002, that court denied rehearing, without opinion. On October 18, 2002, the Supreme Court denied certiorari review, without opinion (1012058).