891 So.2d 393 (2002)
Jeffery Lynn BORDEN
v.
STATE of Alabama.
CR-00-1379.
Court of Criminal Appeals of Alabama.
March 22, 2002.
*394 Michael J. Bleck and Mark S. Olson, Minneapolis, Minnesota; and Alfred F. Smith, Jr., Birmingham, for appellant.
William H. Pryor, Jr., atty. gen., and Beth Jackson Hughes, asst. atty. gen., for appellee.
COBB, Judge.
Jeffery Lynn Borden was convicted of capital murder for the shooting deaths of his ex-wife and his ex-father-in-law. § 13A-5-40(a)(10), Ala.Code 1975. The trial court sentenced Borden to death, and this Court affirmed the judgment of conviction and the death sentence. Borden v. State, 711 So.2d 498 (Ala.Crim.App.1997).[1] The Alabama Supreme Court affirmed this Court's judgment, Ex parte Borden, 711 So.2d 506 (Ala.1998).
On August 4, 1999, Borden filed a timely petition for postconviction relief. (C. 27-55.) On October 8, 1999, the State filed an answer to the petition. It also filed two motions for partial dismissal: one motion sought dismissal of claims pursuant to Rule 32.2(a), Ala. R.Crim. P., and the other sought dismissal of claims pursuant to Rule 32.6(b), Ala. R.Crim. P. (C. 161-66, 180-89.) On November 15, 1999, Borden filed motions for discovery of the prosecution's files and of records of the Department of Corrections. On May 15, 2000, the trial court granted the State's motions *395 for partial dismissal. In the order dismissing claims pursuant to Rule 32.6(b), Ala. R.Crim. P., for failing to state a claim for relief, the trial court granted Borden 30 days to amend the petition to comply with the requirements of Rule 32.6(b). (C. 167-74.) The order dismissing the claims on grounds of procedural bar did not contain any reference to an amendment of the dismissed claims. (C. 176-179.)
On September 20, 2000, Borden filed an amended petition for postconviction relief. (C. 56-95.) The amended petition appears to contain the same claims as did the original petition, although more specific details were pleaded in many of the amended claims. The trial court held a status conference and granted Borden's previously filed motions for discovery. (C. 17.) The State filed an answer to the amended petition. In its answer, the State addressed all of the claims Borden raised in the amended petition, including claims that the State argued were procedurally barred. (S.R. 4-47.)[2] The State also filed a motion for partial dismissal pursuant to Rule 32.6(b), Ala. R.Crim. P., as to those claims it alleged failed to state a claim for relief or to establish any material facts that would entitle Borden to relief. (S.R. 48-54.) On February 28, 2001, the trial court entered the following order:
"The Court having considered the pleadings of the parties and the record ... the Court grants the State's Motion to Dismiss all of petitioner's claims alleging ineffective assistance of counsel at the guilt phase and the penalty phase of his trial on the following ground.
"1. This Court tried the petitioner's case and finds that he has failed to meet his burden of proof regarding allegations of ineffective assistance of counsel.

"This Court has also reviewed the District Attorney's file provided by the State and finds no discoverable material; however, the Court has provided the petitioner with the Grand Jury notes in their file. The petition for relief from judgment (Rule 32) is dismissed."
(C. 19.)(Emphasis added.)
On appeal, Borden argues that the trial court erred when it summarily dismissed the amended petition, because the amended petition contains numerous claims that he says were sufficiently pleaded and that were not precluded by any procedural bars. Borden further observes that the State filed a motion for partial dismissal of only some of the claims in the amended petition, but did not seek to dismiss allegations of ineffective assistance of counsel. The State argues on appeal that the trial court's May 15, 2000, order dismissing many of the claims in the original petition on procedural-bar grounds essentially "carried over" to the claims presented in the amended petition, and that, therefore, the trial court did not have to specifically dismiss the procedurally barred claims a second time when they were raised again in the amended petition.
The order summarily dismissing the amended post-conviction petition is unclear for several reasons that we will discuss below. We have no alternative but to remand the cause for clarification of the order and for further proceedings, if necessary.
Initially, we note that the trial court's order states that the court "grants the State's Motion to Dismiss all of the petitioner's claims alleging ineffective assistance of counsel," on the ground that Borden "failed to meet his burden of proof regarding allegations of ineffective assistance of counsel." (C. 19)(emphasis added.) *396 This statement is perplexing because the State never filed a motion to dismiss all the claims of ineffective assistance of counsel, either in response to the initial petition or in response to the amended petition. To the contrary, in its answer to Borden's amended petition, the State acknowledged, "Borden is entitled to an evidentiary hearing only on allegations of ineffective assistance of counsel for which he has made a sufficient factual showing." (S.R. 46.)(Emphasis added.) The State's motion for partial dismissal of the amended petition sought dismissal of only some of the claims of ineffective assistance of counsel. (S.R. 48-54.) Moreover, the State sought dismissal of claims in the amended petition only on grounds that the claims did not contain a clear and specific statement of the grounds for relief, pursuant to Rule 32.6(b), Ala. R.Crim. P. The State never alleged, in any filing in this case, that Borden failed to meet his burden of proof regarding the claims of ineffective assistance of counsel.
Even if the State had moved for dismissal on grounds that Borden failed to sustain his burden of proof, our review of the record in this case does not suggest that dismissal on those grounds would have been proper. As this Court recently stated:
"[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001)(emphasis added). "A claim may not be summarily dismissed because the petitioner failed to meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a burden to plead. See Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991)." Johnson v. State, 835 So.2d 1077, 1080 (Ala.Crim.App.2001).
Because the trial court appeared to base its dismissal of the amended petition on a motion that the State did not, in fact, file in this case, and because the trial court appears to have misapprehended Borden's burden at the pleading stage, we must remand this cause to the circuit court for clarification.
This cause must also be remanded because the trial court failed to adequately dispose of all of the claims Borden raised in his amended petition. The court's order dismissing the amended petition refers to Borden's ineffective-assistance-of-counsel claims and states that the court reviewed the prosecutor's file and found no discoverable material. (C. 19.) The order appears to address only claims I, II, and XIV of the amended petition. (C. 56-94.) The court's brief reference to the foregoing claims does not sufficiently address the merits of those claims, nor does it provide sufficient detail to permit this Court to conduct its review of the findings. As this Court recently held:
"The fact that the circuit judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of those counsel does not, however, relieve the judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective *397 assistance of trial counsel. See Alvis v. State, 762 So.2d 380 (Ala.Crim.App.1999); Benefield v. State, 583 So.2d 1370 (Ala.Crim.App.1991) (wherein this Court noted in both cases that meritorious allegations `warrant either an evidentiary hearing or an adequate explanation for their denial')."
Holloway v. State, 848 So.2d 1017, 1019 (Ala.Crim.App.2002).
Moreover, the trial court failed to address any the remainder of the claims Borden raised in his petition, including claims regarding pretrial publicity and prosecutorial argument. On remand, the trial court must address each of claims raised in the amended petition. The State contends that the trial court's dismissal of claims in the original petition on procedural-bar grounds essentially "carried over" to the amended petition because the amended petition presented claims identical to those that had been determined to be procedurally barred. It is not at all clear that the trial court intended to "carry over" its dismissal order from the original petition to the dismissal of the amended petition. Moreover, even if the court intended such an action, it would not be supported by Alabama law.
Rule 32.7(d), Ala. R.Crim. P., states that leave to amend petitions shall be "freely granted." Borden filed an amended petition, and the State's answer addressed each of the claims raised in the petition. The amended petition was treated by the parties as a new pleading, and the trial court was required to dispose of each of the claims. While a cursory review of these claims indicates that many of them may be procedurally barred, Rule 32 anticipates that the trial court will make these initial determinations, subject to review by this Court.
Based on the foregoing deficiencies in the trial court's order disposing of Borden's amended petition, we must remand this cause for further proceedings. On remand, the trial court shall determine whether an evidentiary hearing should be held on any of Borden's claims. Hargett v. State, 813 So.2d 948, 949 (Ala.Crim.App.2001). If an evidentiary hearing is held, the trial court shall enter specific written findings with regard to each of the claims presented at the hearing. The trial court should submit a specific written order addressing any claims that are dismissed without a hearing. Should a hearing be granted, the return to remand shall include a transcript of the proceedings. Return should be made to this Court within 70 days of the release of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and SHAW, J., concur. BASCHAB, J., concurs in the result, with opinion, which WISE, J., joins.
BASCHAB, Judge, concurring in the result.
Because the appellant has made some allegations that may be meritorious, I agree that we should remand this case to the circuit court for that court to address those claims. However, I write specially because I am concerned that this court, in its hyper-vigilance to distinguish between the burden of pleading and the burden of proof, may be lowering the threshold necessary to warrant further proceedings on a Rule 32 petition. Rule 32.3, Ala. R.Crim. P., provides, in relevant part:

*398 "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."
Rule 32.6(b), Ala. R.Crim. P., provides:
"The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."
Bare allegations and conclusions of law in a Rule 32 petition are not sufficient to warrant further proceedings on the petition. Instead, a petitioner must plead his claims with specificity and fully disclose the factual basis for those claims. Because it appears that the majority may be blurring the line as to what type of allegations may be sufficient to warrant further proceedings, I concur in the result.
NOTES
[1] Borden was also convicted of intentional murder for the death of Borden's ex-father-in-law, but this Court reversed the conviction and remanded the cause for the trial court to vacate its judgment of conviction.
[2] (S.R. ____) refers to pages of the supplemental record filed on June 11, 2001.
[*] Note from the reporter of decisions: On August 22, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 14, 2003, that court denied rehearing, without opinion. On May 28, 2004, the Supreme court denied certiorari review, without opinion (1030291).