The appellant, Timothy Wayne Thomas, appeals from the circuit court's summary dismissal of his postconviction petition filed pursuant to Rule 32, Ala. R. Crim. P. In his petition, Thomas contests the legality of his conviction for first-degree robbery and his sentence of life imprisonment without the possibility of parole. His conviction and sentence were affirmed on appeal.Thomas v. State, 796 So.2d 447 (Ala.Crim.App. 1999) (table).
The circuit court dismissed Thomas's petition as procedurally barred by Rule 32.2(c), Ala. R.Crim. P., finding that the two-year period of limitations had expired. At the time Thomas filed his petition, Rule 32.2(c) provided that the two-year limitations period, "[i]n the case of a conviction appealed to the Court of Criminal Appeals," is triggered by "the issuance of the certificate of judgment by the Court of Criminal Appeals."[1] The court based its dismissal of Thomas's Rule 32 petition on its findings that this court issued the certificate of judgment of Thomas's appeal of his conviction and sentence on December 17, 1999, and that Thomas filed his petition on June 6, 2002. However, December 17, 1999, is not the date this court issued its certificate of judgment, but is the date this court affirmed Thomas's conviction and sentence. And, according to the case action summary, June 6, 2002, is the date "copy of petition to DA."[2] (The circuit court made its findings regarding these dates based on the State's allegations in its motion to dismiss Thomas's petition.)
According to Rule 32.2(c), the date that triggers the running of the limitations period is the date of issuance of the certificate of judgment of the appeal of the underlying conviction, not the date of this court's disposition of that appeal. Thus, December 17, 1999, is not the pertinent date here. This court's records reflect that the certificate of judgment was issued February 1, 2000. However, that date is *Page 565 
incorrect. Our records further state that the Alabama Supreme Court denied Thomas's petition for certiorari on May 26, 2000.787 So.2d 727 (Ala. 2000). Rule 41, Ala. R.App. P., states in relevant part:
 "(b) Stay of Certificate of Judgment Pending Petitions for Certiorari to Courts of Appeals. The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately."
Thomas's petition for certiorari was timely filed.[3] Thus, pursuant to Rule 41(b), this court's issuance of the certificate of judgment was stayed until the Supreme Court denied Thomas's certiorari petition on May 26, 2000, at which time the certificate of judgment should have issued and, in effect, did issue. Thus, Thomas's two-year period for filing a Rule 32 petition began to run on May 26, 2000.
We further conclude that the circuit court's finding that Thomas's petition was filed on June 6, 2002, is also incorrect. The case action summary states that the petition was filed on May 23, 2002.[4]
Because the certificate of judgment by this court in Thomas's appeal of his conviction and sentence was issued on May 26, 2000, and his petition was filed on May 23, 2002, Thomas filed his petition before the limitations period expired. Accordingly, we find that the circuit court's summary dismissal of Thomas's petition pursuant to Rule 32.2(c) was erroneous.
The attorney general has requested that, in the event we find Thomas's petition to have been timely filed, we remand this case for further proceedings. We so order. On remand, the State is to file another answer, one that addresses each of the specific allegations of Thomas's petition; its one-sentence general denial is insufficient. Should the circuit court deem it necessary to hold an evidentiary hearing, the circuit court's return to remand shall include a transcript of those proceedings. Because of the inordinate length of Thomas's brief filed in the circuit court in support of his petition (100+ single-spaced pages), we further instruct the circuit court, regardless of whether an evidentiary hearing is held, to address the merits of each of Thomas's allegations by written order or state that a particular claim is precluded and make findings of fact in support of its disposition of each specific claim. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. *Page 566 
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.
[1] Rule 32.2(c) was amended, effective August 1, 2002, to decrease the limitations period from two years to one year.
[2] Rule 32.6(a), Ala. R.Crim. P., states, in pertinent part: "Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition and promptly send a copy to the district attorney. . . ."
[3] Rule 39(b), Ala. R.App. P., requires that the petition for a writ of certiorari be filed within 14 days after the decision of the court of appeals on the application for rehearing. Thomas's application for rehearing was overruled by this court on January 14, 2000. His petition for a writ of certiorari was filed in the Alabama Supreme Court on January 27, 2000.
[4] The record supports a finding that Thomas filed his petition even earlier. Although Thomas wrote "N/A" in the space on the petition form, contained in the Appendix to Rule 32, asking "What date is the petition being mailed?" he verified in the certificate of service for the supporting brief that he placed his petition and supporting brief in the United States mail on May 7, 2002. Alabama courts have held that a pro se incarcerated petitioner is considered to have "filed" a Rule 32 petition when that document is given to prison officials for mailing. Allen v. State, 825 So.2d 271 (Ala. 2002).
* Note from the reporter of decisions: On March 19, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 9, 2004, that court denied rehearing, without opinion. On June 11, 2004, the Supreme Court denied certiorari review, without opinion (1031139).