I agree with the majority that, contrary to the State's contention, Ransaw's claim of ineffective assistance of trial counsel in his Rule 32, Ala.R.Crim.P., petition for postconviction relief is not barred by Rule 32.2(a)(4), Ala.R.Crim.P.
In his petition, Ransaw argued that his trial counsel was ineffective for not investigating the circumstances of an alleged telephone call placed to the victim by Ransaw from the county jail after the crimes, during which he confessed to committing the crimes. Specifically, Ransaw alleged that his counsel was ineffective for not subpoenaing telephone records from the county jail and from the victim's home, which, he said, would have shown that no telephone call was made from the jail to the victim's home during the time that he was incarcerated; and for not subpoenaing the victim's granddaughter, who allegedly answered the call initially and who, he said, would have testified that she never answered such a telephone call. According to Ransaw, the only evidence conclusively linking him to the crime was the testimony of the victim regarding the telephone call and, had counsel properly investigated the alleged call and presented evidence that no such call had been made, the victim's credibility would have been called into question and the outcome of the trial probably would have been different.
The State argues that because Ransaw challenged the admissibility of the telephone call on direct appeal, his challenge now to trial counsel's effectiveness is barred from review. On direct appeal, Ransaw argued that the telephone call was inadmissible because, he said, it had not been properly authenticated. After initially holding that the issue had not been preserved for review, this Court alternatively held that the State had presented sufficient evidence identifying the caller as Ransaw to satisfy Rule 901, Ala.R.Evid.[1] This Court, however, never addressed any issue relating to Ransaw's trial counsel's investigation of the call.[2] Moreover, the issue on direct appeal — authentication of the telephone call — is not the same issue as that underlying Ransaw's ineffective — assistance claim — that telephone records and testimony that counsel did not present at trial would have established that no telephone call was made and, thus, would have undermined the credibility of the victim.
After reviewing Ransaw's petition, I believe that he pleaded his ineffective-assistance-of-trial-counsel claim with sufficient specificity to satisfy his burden under Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Contrary to the State's assertion, Ransaw was not required to prove his claim by attaching to his petition an affidavit from the victim's granddaughter and/or the telephone records. As noted by this Court:
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner *Page 866 
must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App. 2001). See also Borden v. State, 891 So.2d 393 (Ala.Crim.App. 2002). Ransaw satisfied his burden of pleading; he was thus entitled to an opportunity to present evidence to satisfy his burden of proof.
[1] Specifically, this Court held that the victim's testimony that she knew Ransaw and recognized his voice was sufficient to establish that the caller was, in fact, Ransaw.
[2] Indeed, although Ransaw attempted to challenge trial counsel's effectiveness on direct appeal, this Court held that the issue had not been properly preserved for review, and specifically stated that the proper avenue for pursuing the claim was to file a Rule 32 petition.
 *Page 594