The appellant, Kelvin Dewayne Rash, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his October 2004 conviction for breaking and entering a vehicle and the resulting sentence of 22 years' imprisonment. Rash appealed his conviction; however, while his appeal was pending before this Court, Rash moved to dismiss his appeal. On August 2, 2005, this Court dismissed Rash's appeal and entered a certificate of judgment.
On September 24, 2005,[1] Rash filed a Rule 32 petition, in which he alleged that his trial counsel had rendered ineffective assistance. Rash alleged that his trial counsel had rendered ineffective assistance because, he said, (1) counsel failed to challenge the legality of the arrest warrant pursuant to which Rash was arrested; (2) counsel failed to move to suppress a statement Rash made to law-enforcement officials; (3) counsel failed to adequately investigate an insanity defense or to request *Page 554 
a competency hearing, despite Rash's history of mental illness and/or drug addiction; and (4) counsel failed to inform Rash of a plea offer from the State that would have resulted in a lesser sentence than the one imposed by the trial court. Rash further alleged that the trial court lacked jurisdiction to render a judgment and to impose sentence; however, Rash failed to set out any facts in support of this claim. Without requiring a response from the State, the circuit court dismissed Rash's petition on March 31, 2006. The court stated in its order that Rash's ineffective-assistance-of-trial-counsel claim was procedurally barred because Rash had not raised this claim in his motion for a new trial. The circuit court determined that Rash's challenge to its jurisdiction to render a judgment and to impose sentence had not been pleaded with sufficient specificity. This appeal followed.
On appeal, Rash argues that the trial court erred in summarily denying his Rule 32 petition because, he says, his petition presented claims of ineffective assistance of counsel that were meritorious on their face.
Rule 32, Ala.R.Crim.P., requires the circuit court judge to conduct an evidentiary hearing on a Rule 32 petition that appears meritorious on its face. However, the Alabama Supreme Court has held that a circuit court judge who presided over a petitioner's trial and who observed the conduct of the petitioner's attorneys at trial need not hold a hearing on a petition challenging the effectiveness of those attorneys.Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991). The fact that a circuit court judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel does not, however, relieve that judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. See Alvis v. State,762 So.2d 380, 381 (Ala.Crim.App. 1999); Benefield v.State, 583 So.2d 1370, 1370 (Ala.Crim.App. 1991) (noting in both cases that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial").
Here, Rash raised a number of alleged instances of ineffective assistance of counsel against his trial counsel. Of particular concern to this Court are Rash's claim that his counsel failed to investigate a possible insanity defense, despite evidence of Rash's history of mental illness, and Rash's claim that trial counsel failed to advise him of a plea offer from the State. Moreover, Rash's claim of ineffective assistance of trial counsel is not precluded because Rash could not have reasonably presented his ineffective-assistance-of-trial-counsel claim in a motion for a new trial.[2] See Ex parte Ingram,675 So.2d 863, 866 (Ala. 1996) (the proper method for presenting an ineffective-assistance-of-trial-counsel claim that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition). Thus, it appears that this Rule 32 petition was the first opportunity Rash had to raise his claim of ineffective assistance of his trial counsel. SeeAndersch v. State, 716 So.2d 242, 245
(Ala.Crim.App. 1997). Thus, the circuit court incorrectly determined that Rash's claim was precluded from review. *Page 555 
Ineffective-assistance-of-counsel claim also appears to be facially meritorious. Further, because the circuit court did not require the State to file a response to Rash's claim, there is nothing in the record to refute Rash's factual claims or his claim of that his trial counsel's performance was deficient. Therefore, we must remand this cause for the circuit court to enter a new order addressing the merits of Rash's allegations of ineffective assistance of counsel. It is not necessary, however, for the circuit court to address Rash's claim that the trial court lacked jurisdiction to render a judgment or to impose sentence, given that this claim consists of nothing more than a bare allegation with no factual support, and thus fails to meet the specificity requirements set out in Rule 32.6(b), Ala.R.Crim.P.
Should the trial court deem it necessary to hold an evidentiary hearing before entering its new order addressing Rash's allegations of ineffective assistance of counsel,[3] the circuit court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala. R.Crim.P., requires the circuit court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parteWalker, 652 So.2d 198 (Ala. 1994); Smith v. State,665 So.2d 954 (Ala.Crim.App. 1994). However,
 "if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v.] State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd, 698 So.2d 796 (Ala.Crim.App. 1996) (table). In making these factual determinations, the circuit court may take judicial notice of the record in Rash's 2004 trial. If the court's findings are based on its personal knowledge of Rash's trial, then the order should so state. SeeSheats v. State, 556 So.2d 1094, 1095
(Ala.Crim.App. 1989). As we have stated, "[a] statement of the basis of the [circuit] court's decision is essential to afford the appellant due process." Owens v. State,666 So.2d 31, 32 (Ala.Crim.App. 1994).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur; SHAW, J., concurs in the result.
[1] Although the date stamp supplied by the clerk of the Russell Circuit Court does not indicate that Rash's petition was "filed" until March 21, 2006, our review of the record indicates that Rash stated in his sworn petition that it was mailed on September 24, 2005. The date discrepancy appears to have resulted from the circuit court's denial of Rash's motion to proceed in forma pauperis, resulting in Rash's petitioning this Court for a writ of mandamus directing the circuit courtto allow him to proceed in forma pauperis. On March 8, 2006, we ordered the circuit court to allow Rash to proceed in forma pauperis. (C. 2.) Accordingly, Rash's petition should be considered "filed" on September 24, 2005, the date it was placed in the prison mail system to be mailed to the Russell Circuit Clerk. See Thomas v. State,893 So.2d 563, 565 n. 4 (Ala.Crim.App. 2002) (citing Allen v.State, 825 So.2d 271 (Ala. 2002)).
[2] We have reviewed our records of Rash's direct appeal of his conviction, see Hull v. State, 607 So.2d 369, 371
(Ala.Crim.App. 1992) (this Court may take judicial notice of its own records), and have determined that Rash was sentenced on November 18, 2004. However, the entire trial transcript was not available until April 19, 2005, well beyond the 30-day deadline for filing a motion for a new trial.
[3] The court may take evidence as provided in Rule 32.9(a), Ala.R.Crim.P.
* Note from the reporter of decisions: On April 20, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 11, 2007, that court denied rehearing, without opinion. *Page 983