Richard L. Lucious appeals from the circuit court's denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged Lucious's June 26, 2002, convictions for first-degree sodomy, first-degree sexual abuse, and attempted first-degree sodomy, and his sentences of 20 years' imprisonment on the first-degree sodomy conviction, 10 years' imprisonment on the first-degree sexual-abuse conviction, and 5 years' imprisonment on the attempted-sodomy conviction. This Court affirmed Lucious's convictions and sentences in an unpublished memorandum issued on February 21, 2003. See Lucious v. State, 876 So.2d 1195
(Ala.Crim.App. 2003) (table). The certificate of judgment was issued on March 11, 2003.
The instant Rule 32 petition was filed on March 11, 2004. In the petition, Lucious claimed that he was denied the effective assistance of trial counsel for various reasons *Page 610 
The State filed a motion to dismiss, asserting that Lucious's allegations of ineffective assistance of trial counsel were without merit, having failed to satisfy the two-pronged test of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After conducting an evidentiary hearing, the circuit court issued an order denying the petition. The record reflects that the judge who ruled on Lucious's Rule 32 petition also presided over Lucious's trial.
On appeal, Lucious reiterates the claims presented in his petition.
The State concedes that the circuit court issued an order of dismissal without addressing the specific claims Lucious raised in his petition. After reviewing the record on appeal, we agree.
 "Rule 32, Ala. R.Crim. P., requires the circuit court judge to conduct an evidentiary hearing on a Rule 32 petition that appears meritorious on its face. However, the Alabama Supreme Court has held that a circuit court judge who presided over a petitioner's trial and who observed the conduct of the petitioner's attorneys at trial need not hold a hearing on a petition challenging the effectiveness of those attorneys. Ex parte Hill, 591 So.2d 462, 463
(Ala. 1991). The fact that a circuit court judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel does not, however, relieve that judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. See Alvis v. State, 762 So.2d 380, 381 (Ala.Crim.App. 1999); Benefield v. State, 583 So.2d 1370, 1370 (Ala.Crim.App. 1991) (noting in both cases that meritorious allegations `warrant either an evidentiary hearing or an adequate explanation of their denial')."
Rash v. State, 968 So.2d 552, 554 (Ala.Crim.App. 2006).
Here, Lucious appears to have met his burden of pleading. Accordingly, a remand is necessary for the circuit court to specifically address Lucious's claims of ineffective assistance of counsel.
For the foregoing reasons, we remand this case to the Washington Circuit Court for that court to set out its reasons for dismissing Lucious's claims. The circuit court should "make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), Ala. R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.