6 So.3d 567 (2008)
C.G.W.
v.
STATE of Alabama.
CR-06-2126.
Court of Criminal Appeals of Alabama.
June 27, 2008.
*568 C.G.W., pro se.
Troy King, atty. gen., and John-Paul M. Chappell, asst. atty. gen., for appellee.
WELCH, Judge.
This case is before this Court on appeal from the trial court's denial of C.G.W.'s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. The petition sought postconviction relief from his August 31, 2005, convictions for first-degree rape, first-degree sodomy, and first-degree sexual abuse and his sentences of consecutive terms of 33 years' imprisonment for the rape and sodomy convictions, and 10 years' imprisonment for the sexual-abuse conviction. C.G.W.'s direct appeal, docketed as CR-04-2498, was affirmed by this Court on June 9, 2006. C.G.W. v. State, (No. CR-04-2498) 978 So.2d 75 (Ala.Crim.App.2006)(table).
The instant Rule 32 petition was filed on June 5, 2007. In the petition, C.G.W. claimed that he was denied the effective assistance of counsel for the following reasons:
(1) Counsel, Ed Coey, failed to subpoena C.G.W.'s grandson, who according to C.G.W., was a material witness present at his home during the alleged sexual assaults who, if called to testify at trial, would have testified that C.G.W. was never alone with the victim in a bedroom and that contrary to the victim's trial testimony, he never walked in the bedroom while C.G.W. was sexually abusing the victim;
(2) Counsel failed to interview C.G.W.'s doctor or obtain medical records to prove that C.G.W. suffered from erectile dysfunction;
(3) Counsel failed to challenge the sufficiency of the evidence at the close of the State's case-in-chief;
(4) Counsel failed to request the trial court to instruct the jury on the presumption of innocence;
(5) Counsel failed to request a medical examination of the victim; and
(6) Counsel allowed the child victim to testify without being a legal and competent witness.
C.G.W. also filed a discovery motion requesting: (1) a copy of his counsel's itemized billing statement; (2) a copy of counsel's pretrial notes of the investigations; (3) the uniform police incident report; and (4) a copy of the child victim's out-of-court statement.
Following the State's response, which included as an exhibit an affidavit from trial counsel, Ed Coey, the circuit court issued an order denying C.G.W. relief on the grounds that the judge hearing the *569 Rule 32 petition was the trial judge and had observed that counsel's performance was effective. C.G.W.'s motion for discovery was also denied.
On appeal, C.G.W. asserts that the trial court erred by not issuing findings of fact as to his claims.
We find no error with the circuit court's ruling on C.G.W.'s third claim. This claim was a mere accusation and was not sufficiently pleaded. See Rules 32.3 and 36.(b), Ala. R.Crim. P.
However, C.G.W.'s remaining ineffective-assistance-of-counsel claims appear to be facially meritorious.
"Rule 32, Ala.R.Crim.P., requires the circuit court judge to conduct an evidentiary hearing on a Rule 32 petition that appears meritorious on its face. However, the Alabama Supreme Court has held that a circuit court judge who presided over a petitioner's trial and who observed the conduct of the petitioner's attorneys at trial need not hold a hearing on a petition challenging the effectiveness of those attorneys. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991). The fact that a circuit court judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel does not, however, relieve that judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. See Alvis v. State, 762 So.2d 380, 381 (Ala.Crim.App. 1999); Benefield v. State, 583 So.2d 1370, 1370 (Ala.Crim.App.1991) (noting in both cases that meritorious allegations `warrant either an evidentiary hearing or an adequate explanation for their denial')."
Rash v. State, 968 So.2d 552, 554 (Ala. Crim.App.2006).
Therefore, we remand this cause to the circuit court for that court to enter a new order addressing the merits of C.G.W.'s allegations of ineffective assistance of counsel.
Furthermore, should the circuit court deem it necessary it may receive additional evidence by any means provided in Rule 32.9(d), Ala. R.Crim. P. The circuit court may deem it necessary to allow discovery. In any event, the circuit court's return to remand shall include a transcript containing any additional proceedings. Moreover, Rule 32.9(d), Ala. R.Crim. P., requires the circuit court to "make specific findings of fact relating to each material issue of fact presented."
However, as in Rash,
"`[I]f the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2.'
"Harper v. State, 676 So.2d 949, 950 (Ala.Crim.App.1995), aff'd, 698 So.2d 796 (Ala.Crim.App.1996) (table). In making these factual determinations, the circuit court may take judicial notice of the record in [C.G.W.'s 2006] trial. If the court's findings are based on its personal knowledge of [C.G.W.'s] trial, then the order should so state. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim. App.1989). As we have stated, `[a] statement of the basis of the [circuit] court's decision is essential to afford the *570 appellant due process.' Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App.1994)."
968 So.2d at 555.
The circuit court is further directed to take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.[*]
BASCHAB, P.J., and McMILLAN, J., concur.
SHAW, J., dissents, with opinion.
SHAW, Judge, dissenting.
I do not believe that any of C.G.W.'s allegations of ineffective assistance of trial counsel raised in his Rule 32, Ala.R.Crim. P., petition for postconviction relief were pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. I would affirm the circuit court's judgment; therefore, I respectfully dissent.
NOTES
[*] Note from the reporter of decisions: On October 17, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.